## JAMES WINSHIP

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

1. INDICTMENT—*exceptions to form of—must be made before trial.* The statute requires that all exceptions which go to the form of an indictment merely, shall be made before trial.

2. SAME—*matters of form.* Upon an indictment for false imprisonment, the defendant was arraigned and pleaded, gave bail for his appearance and the cause was continued. At the next term, he entered a motion to dismiss the prosecution, on the grounds that the name of the prosecutor was not indorsed upon the indictment; and that the indictment did not purport on its face to have been found upon the information and knowledge of two or more of the grand jury, or upon the information of some public officer in the necessary discharge of his duty: *Held,* that this motion came too late; that the omission of these statutory requirements, in no manner affected the merits, and should have been excepted to before trial.

3. SAME—*definition of the words "before trial."* The words "before trial," have been uniformly held to mean, before plea pleaded; and motions of this character must be made at the earliest practicable moment before a plea to the merits.

4. SAME—*motion in arrest—upon what must be based.* A motion in arrest of judgment must be predicated upon some intrinsic defect in the indictment, and cannot be sustained for any matter not affecting the real merits of the offense charged.

5. JUSTICE OF THE PEACE—*punishing for contempt.* The statute empowering justices of the peace to punish for a contempt, must be intended to apply to such occasions only, as when a magistrate is engaged in transacting such business as will not admit of interruption—such as taking an affidavit, trying a cause, or the like.

6. And while it may be true, that when a magistrate is engaged in writing a letter, which requires his official signature, he must be considered as acting as such, yet, for a demand made upon him at such time, and in a loud voice, by a person, to pay over to him money which the magistrate had collected, is not such conduct as would authorize the justice to punish for a contempt.

WRIT OF ERROR to the Recorder's Court of the City of Chicago; the Hon. W. K. MCALLISTER, Judge, presiding.

Opinion of the Court.

The opinion states the case.

Messrs. ASAY & LAWRENCE, for the plaintiff in error.

Mr. CHARLES H. REED, State's attorney, for the people.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an indictment in the Recorder's Court of the City of Chicago, against James Winship, for false imprisonment.

The defendant appeared in court and was duly arraigned and pleaded not guilty. The cause was then continued to the next term, the defendant giving bail for his appearance as required by the order of the court.

At the next term, the defendant entered his motion to dismiss the prosecution, for the reason that the name of a prosecutor was not indorsed upon the indictment and that the indictment did not purport, on its face, to have been found upon the information and knowledge of two or more of the grand jury, or upon the information of some public officer in the necessary discharge of his duty.

The court overruled the motion, and the defendant was put upon trial upon his plea formerly pleaded, and the jury found him guilty. A motion was made for a new trial, which was overruled. A motion in arrest of judgment was also overruled, and judgment entered on the verdict.

To reverse this judgment, the defendant brings the case here by writ of error, assigning as error, the refusal of the court to dismiss the prosecution for the reason given, refusing a new trial, denying the motion in arrest of judgment, and in refusing instructions asked by the defendant and in giving the instructions for the people.

Upon the first point, it is only necessary to remark, that although the statute makes the requirement which was the basis of the motion to dismiss the indictment, Gross' Stat. 220,

yet it also requires that all exceptions which go to the form of an indictment merely, shall be made before trial. Ib. 216.

The words " before trial," have been uniformly held to mean before plea pleaded, and the motion should have been made at the earliest practicable moment before a plea to the merits. It is a dilatory motion, and must be made in apt time.

The motion in arrest of judgment, must be predicated upon some intrinsic defect in the indictment, and can not be sustained for any matter not affecting the real merits of the offense charged in the indictment. Ib. 216.

The want of a prosecutor's name on the indictment, or the absence of the other requirements of the statute, in no manner affected the merits. The meritorious cause was the false imprisonment.

Upon the refusal to grant a new trial, we think the evidence fully sustains the verdict, and shows a wanton and malicious subjection of the prosecutor to the will of a man " dress'd in a little brief authority."

The statute on which the defendant reposes for his justification and defense, can not, from the evidence, be invoked for such purpose. It provides that every person who shall appear before a justice of the peace, when acting as such, or who shall be present at any legal proceeding before a justice, shall demean himself in a decent, orderly and respectful manner; and for failure to do so, such person shall be fined by the said justice for contempt, in any sum not more than five dollars. Gross' Stat. 395.

The evidence shows, the prosecutor had a clear legal right to be in the office at the time, and for the purpose shown, and he did nothing and said nothing bordering upon indecency, disorder or disrespect, nor was the magistrate engaged in any legal proceeding at the time, or acting as a justice of the peace at the time. The acknowledgment of the mortgage had been taken by the magistrate, and the mortgagor had left the office. The statute must be intended to apply to occasions where a magistrate is engaged in transacting such business as will not

admit of interruption, such as taking an affidavit, trying a cause or the like. A justice of the peace may be said to be acting as such, when he is writing a letter at his desk, which requires J. P. to be appended to his name, yet, for a demand made upon him at such time, and in a loud voice, by another, to pay him over money he had collected, could not be tortured into indecent conduct, disorderly behavior, or want of respect. The evidence fails to show any such conduct by the prosecutor, and it does show an unwarranted act, by the justice, in causing him to be dragged to jail by an officer, to be released only on the payment of a fine unjustly imposed. The imprisonment was wrongful and without authority, and of such a character as to imply malice, if that was a necessary ingredient in the offense charged.

The instructions asked by the defendant were properly refused, and the instruction for the plaintiff was properly given.

The judgment must be affirmed.

*Judgment affirmed.*