Christian; J.,
delivered the opinion of the court.
*867 The plaintiff in error, Charlotte Robinson, was indicted x . ’ . ' for larceny in the hustings court of the city of Manchester. The indictment contained two counts. The first charged “ that the said Charlotte Robinson, on the 21st day of April, in the year 1878, at the said city, within the jurisdiction of the said hustings court of the city of Manchester, divers notes, national currency of the United States, the numbers and denomination of which said notes are to the jurors unknown, of the value of one hundred and ten dollars, the notes and property of George W. Alsop, being then and there due and unsatisfied to the said George "W. Alsop, feloniously did steal, take and carry away, against the peace and dignity of the commonwealth of Virginia.”
The second count charged “ that the said Charlotte Robinson, on the 21st day of April, 1878, in the city and jurisdiction aforesaid, certain paper of the value of one hundred and ten dollars, of the goods and chattels of one George W. Alsop, being then and there found, feloniously did steal, take and carry away, against the peace and dignity of the commonwealth of Virginia.”
Upon this indictment the prisoner was arraigned, and pleaded “not guilty.” Upon this trial there was no motion to quash the indictment, or either count thereof, and the only plea tendered by the prisoner was the plea of “ not guilty.”
The record of the trial shows that after the commonwealth’s evidence was all produced, the prisoner, by her counsel, moved the court to exclude all the evidence of the commonwealth.
And upon this motion the record discloses that, “ it appearing to the court, from the evidence adduced in the case, that the notes designated in the indictment and described as unknown, were in fact known to the grand jurors, the court, for this reason, sustains the motion aforesaid ; and G. B. Williams, one of the jurors, was with *868 drawn, and the rest of the iury from rendering their ver- ’ , „ J J & diet were discharged.
The record further shows that the prisoner, by counsel, “ 0kjec^e^ the discharge of the jury, and moved the court to permit this jury to render a verdict; which motion the court overruled; and the prisoner, by counsel, excepted thereto.”
After this proceeding, another indictment was found by the grand jury against the prisoner, both counts being in the same form except it failed to charge that the denomination of said notes were unknown to the grand jury, and described the denomination of same. In all other respects, both counts were the same as in the first indictment.
Upon this second indictment the prisoner was arraigned, and she then tendered the following plea:
And the said Charlotte Robinson comes and says that mo further proceedings in the premises should be had or ■taken against her on the said indictment, because she says that on the 15th day of July, 1878, in the hustings or corporation court of the city of Manchester, she, the said defendant, was put upon her trial-upon an indictment for the identical charge contained in this, a second indictment, for the same offence, and a jury between the commonwealth And the said defendant, upon the said indictment, on the 15th day of July, 1878, was in due form of law drawn, «elected, and impanneled, charged and sworn to well and •truly try the said issue. And the said jury, without the .consent of the said Charlotte Robinson, have been discharged and separated without having rendered any verdict therein, and without disagreeing or other special cause, there being no material ■ necessity for the discharge of the .said jury, and the said Charlotte Robinson says that she has been once in jeopardy upon and for the said cha-rge •and offence for which she now stands charged, and indicted in the present indictment to which she is now called on to plead, and cannot by the law of the land be Again tried therefor, and this she is ready to verify.
*869 To this plea the commonwealth’s attorney tendered a demurrer, which was overruled by the court; and thereupon there was a replication filed by the attorney for the-commonwealth, and issue joined therein by prisoner. Upon this issue thus made up a jury was sworn, and arguments of counsel being heard, returned a verdict in these words : “ We the jury, on the issue joined, find for the commonwealth.”
The prisoner then pleaded not guilty; and upon this issue another jury was sworn, who, after hearing the evidence and the arguments of oounsel, returned a verdict, finding the prisoner guilty, and ascertaining the term of her imprisonment at three years in the penitentiary.
Motions were made by the prisoner to set aside both the verdict of the jury, on the special plea and the verdict of the jury on the plea of not guilty, both of which motions the court overruled. To these judgments refusing to set aside said verdicts a writ of error was awarded by one of the judges of this court.
The court is of opinion there is no error in the judgment of the hustings court refusing to set aside these two verdicts of the jury.
As to the verdict upon the plea of not guilty, it is sufficient to remark that neither the evidence nor the facts proved are certified; nor does it appear in the record that the oourt below was asked by the prisoner’s counsel to certify either the evidence or the facts proved. In the absence of both, this court cannot, of course, determine the question whether the verdict of the jury on the issue made by the plea of not guilty was contrary to the evidence.
The only question we have to pass upon, as the record is presented here, is, whether the prisoner ought to have been discharged, at her second trial, upon her special plea of “ once in jeopardy,” as above set forth.
In determining this question, we must treat the first in *870 dictmenfc as containing really but one count—the first. The second count was manifestly defective, and must be -rejected as bad. It charged the prisoner with the larceny of certain paper, of the value of one hundred and ten dollars. There ought to have been some description of the paper, so as to inform the defendant of the nature of the charge she was called upon to answer. The charge of stealing certain paper was altogether too vague and indefinite. It might have been wall paper, or writing paper, or wrapping paper; paper written or printed upon; paper whose value was determined by what was written or printed thereon, or paper the value of which was intrinsic in itself. It is true bank notes, promissory notes and bonds, and other writings of value, are, in a certain sense, all paper, but their value is estimated not as paper, but according to the value of the obligation thereon written or printed. It is not sufficient, therefore, in an indictment to charge the larceny of certain paper. There must always be some description, at least to the extent to notify the defendant of the specific charge he is called upon to answer.
In this case, therefore, we must reject the second count as defective, and treat the case as under an indictment containing a single count, charging the plaintiff in error with the larceny of “divers notes, national currency of the United States, the number and denomination of which said notes are to the jurors unknown, of the value.of one hundred and ten dollars, the notes and property of George W. Alsop/'
Now, on the trial of the prisoner on this indictment, upon the plea of not guilty, the evidence for the commonwealth disclosed that the denomination of the notes were in fact known to the grand jurors, while the indictment charged that they were “to the jurors unknown.” It would certainly, at this stage of the proceedings, have been competent for the attorney for the commonwealth to have entered a nolle prosequi under this indictment, and pre *871 ferred another indictment, by the sameor another grand jury, against the prisoner, leaving out the words “ the denomination of which said notes are to the jurors unknown”; and certainly to the second indictment it could not be pleaded in bar that the prisoner had once before been tried for the same offence, or, in other words, was put twice in jeopardy.
In this case, however, the prisoner, by her counsel, moved to exclude all the evidence on account of the variance between the proof and the charge in the indictment, as above indicated. The court granted her motion, and excluded the commonwealth’s evidence and discharged the jury.
Now, the great complaint of the prisoner’s counsel is, and that is the burthen of the elaborate argument on the authorities cited here, that the court had no right to discharge the jury without the consent of the prisoner; that the prisoner had a right to the verdict of the jury; that she objected to a discharge of the jury and insisted that the court should permit the jury to render a verdict in her case.
Without special reference to or comment upon the numerous cases cited by the counsel for the prisoner, it is sufficient to say that it is undoubtedly true, as a general rule, that in a criminal trial the court has no right, without the consent of the prisoner, to discharge the jury except in a case of manifest necessity, such, for instance, as the illness or death of a juror, or where it is plain that the jury cannot agree in a verdict.
But in the case before us, it is plain that the discharge of the jury by the court, if error, was not an error to the prejudice of the prisoner.
The evidence offered by the commonwealth, being excluded by the court, the verdict of course would have been a verdict of not guilty. That verdict would only have discharged the prisoner from further prosecution under that *872 indictment. The action of the court in excluding the .evidence and discharging the jury accomplished precisely the thing. If the jury had not been discharged and rendered a verdict of not guilty, that verdict could not have ° J 3 been pleaded to the second indictment, because the acquittal was effected in consequence of a variance between the allegations and the proof. Whatever may have heen the rule at common law, or the principles settled by the cases relied on, our statute puts that question at rest forever. For it provides that “ a person acquitted of an offence on the ground of a variance between the allegations and the proof of the indictment or other accusation, or upon an exception to the form or substance thereof, may be arraigned again on a new indictment, or other proper accusation, and tried and convicted for the same offence, notwithstanding such former acquittal.” Code 1860, ch. 199,. 16, p. 814.
It is plain, therefore, that by the express terms of this statute, if the jury had not been discharged and had rendered a verdict-of not guilty, that verdict could not be pleaded in bar of the second prosecution.
We are therefore of opinion that there is no error in the judgment of the hustings court of the city of Manchester,, and that the same be affirmed.
Judgment appirmed.