## WILLIAM S. YOUNG

### v.

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed December 18, 1901.*

1. CRIMINAL LAW—*just conviction not to be reversed because of use of large type in instruction.* A judgment of conviction manifestly just under the evidence should not be reversed because an instruction announcing a correct rule of law is printed in type of a larger size than that ordinarily used in printed instructions.

2. SAME—*court may group instructions on particular subjects.* In a criminal case it is proper for the court to arrange the instructions on each particular subject, whether given at the request of the People or the accused, and read them together to the jury.

3. SAME—*receipt of interest on embezzled money does not bar criminal prosecution.* The receipt by a bailor from the bailee of a sum of money as interest on the amount embezzled from her by the bailee does not bar criminal prosecution of the bailee by the People.

4. SAME—*common law rule that note was not the subject of larceny has been abrogated.* The common law rule that a promissory note is not the subject of larceny has been abrogated in Illinois by sections 167 and 170 of the Criminal Code, which make it an indictable offense to feloniously take a "note" or for a bailee to feloniously convert to his own use a "note" entrusted to his keeping.

5. SAME—*certainty to a common intent is sufficient in describing stolen note.* No greater particularity is required in an indictment for the larceny of a note than to state that the thing stolen was a note and aver value and ownership.

6. SAME—*when description of stolen note is sufficient.* The description, in an indictment, of a note alleged to have been embezzled by the accused as bailee, is sufficient which reads: "One unpaid promissory note, the same then and there being an instrument of writing for $1000, then and there of the value of $1000, to one Louisa Stammler, then and there the owner thereof," etc.

7. SAME—*motion in arrest must be based on matters affecting the merits.* A motion in arrest of judgment in a criminal case cannot be sustained for any matter not affecting the real merits of the offense charged in the indictment.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

CHURCH, McMURDY & SHERMAN, for plaintiff in error.

H. J. HAMLIN, Attorney General, CHARLES S. DENEEN, State's Attorney, and HARRY OLSON, for the People.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This writ of error brings into review the record of the proceeding in the criminal court of Cook county in which the plaintiff in error was adjudged to be guilty of the crime of larceny as a bailee, and was sentenced to be confined in the penitentiary of the State at Joliet.

The evidence abundantly established the guilt of the accused. In November, 1894, he negotiated a loan of $1000 of the money of Mrs. Louisa Stammler to one Robert W. Taylor. The borrower executed his note for the said sum of $1000, payable to his own order three years after date, bearing interest from date at the rate of six per cent per annum, payable semi-annually, and to secure the same executed a mortgage on certain real estate. Taylor, the borrower, endorsed the note in blank, and the note and the mortgage securing it were delivered to Mrs. Stammler. In 1897, a short time prior to the maturity of the note, the plaintiff in error wrote to Mrs. Stammler that Taylor wished to renew the loan for a further period of two years, and directed her, if she desired to extend the time of payment of the loan, to send the note to him and he would have the extension properly made for her. The note was delivered to him for that purpose. He sold the note to one John Schwartz and applied the money received from Schwartz to his own use. He subsequently reported to Mrs. Stammler that Taylor had paid the note to him, but she failed in her efforts to get him to pay the money to her. He finally induced her to place in his hands the additional sum of $500 on his representation that he would invest such additional sum, and the sum of $1000 which he falsely represented to her Taylor had paid to him, in a good loan of $1500 for her. He converted the sum of $500 to his own use, and finally absconded from Chicago and was detected and arrested in New York

City.   The indictment contained a number of counts, all charging him with larceny.   In some of the counts the plaintiff in error was charged with larceny as bailee of the note and of the moneys of Mrs. Stammler; in others with larceny as bailee of the moneys only.

The rulings of the court in the matter of granting and refusing instructions are assigned as for error.   Certain of the instructions were printed in large, bold-faced type, but of uniform size, and without italics or other attempt to attract attention or emphasize any portion of them. Counsel concede that under the ruling in *Hagenow* v. *People*, 188 Ill. 545, it is not necessarily erroneous to use instructions printed in large "display" type, announcing ordinary general principles of law and not involving a reference to specific facts of the case, but it is urged in the case at bar, that by one of the instructions so printed "the attention of the jury is called to a 'prominent feature' of the case,—in fact, to practically the only evidence introduced by the defendant." The instruction is as follows:

"The court instructs the jury, as a matter of law, that the defendant has put in evidence his general reputation for honesty and integrity; that such evidence is permissible under the law, and is to be by the jury considered as a circumstance in this case.   But the court further instructs the jury, that if, from all the evidence in this case, they are satisfied, beyond a reasonable doubt, of the guilt of the accused, then it is the duty of the jury to find him guilty, notwithstanding the fact, if such be the fact, that heretofore the accused has borne a very good character for honesty."

It is not contended the instruction announced an erroneous rule of law for the guidance of the jury, but the argument is, the effect of the use of such large type in printing this instruction would naturally be to give it undue prominence and weight in the view of the jury, and to correspondingly minimize the value and importance, in the minds of the jury, of type-written instructions

given for the plaintiff in error as to the value of proof of good character in defense of the charge against him. Other instructions upon other features of the case than that of good character of the accused as a defense were printed in the same character of type. The evidence bearing on the facts relating to the offense with which the plaintiff in error was charged removed all question of his guilt of the offense from the realms of doubt or debate. Eight witnesses testified that the general reputation of the plaintiff in error for honesty, integrity and fair dealing was good; five witnesses testified that it was bad. That a conviction so manifestly just and merited should not be reversed on the suggestion that possibly the jury may have been influenced by the mere fact that an instruction correctly advising them as to a general principle of law applicable when the defense of good character is interposed, was printed in type of larger size than ordinarily used in printed instructions, is a proposition that surely does not need argument and discussion in its support.

The court, in giving the instructions to the jury, so grouped those asked in behalf of the People and those asked in behalf of plaintiff in error, that all instructions on each particular subject, whether given at the request of the People or of the plaintiff in error, would be read to the jury together. It is complained by the plaintiff in error that the instructions in his behalf were not read separately to the jury. We are inclined to approve the practice adopted by the court in this regard. It operates to present the law to the jury in a more connected and orderly manner than if all instructions asked in one behalf upon all principles of law involved in the hearing are read together, then all asked upon the other behalf. The relation of each instruction to all others upon the same subject will be more readily perceived and more clearly understood if all that is contained in the entire charge on each subject be read in the same connection. The modifications and qualifications of general principles of

law growing out of opposite theories of fact will be more readily apprehended if all the instructions relating to each branch or phase of the case are read together, forming a connected charge on the point, than if separated by instructions upon other doctrines of the law. In *Crowell v. People*, 190 Ill. 508, we held it was not error or objectionable to so arrange the order of the presentation of the instructions to the jury.

It was not error to refuse to grant plaintiff in error's sixth refused instruction. The instruction was as follows:

"The court instructs the jury that when a man has lived past middle life with a good reputation among his neighbors and with an apparently honorable record, has a wife and a growing family, and occupies and has occupied positions of trust and confidence in the community, the evidence to convict him of a crime such as William S. Young is charged with should be clear; and in this case, if you believe, from the evidence, that these things are true of said William S. Young, you should give them weight in determining in your mind whether there is a reasonable doubt of his guilt."

It assumed that the plaintiff in error had maintained a good reputation and apparently honorable record among his neighbors with whom he lived until he had reached middle life, while the evidence upon the point of his general reputation for integrity and honor was directly in conflict. Whether he had a wife and a growing family was not entitled to any weight in determining the guilt or innocence of the accused. The instruction partakes more of the nature of an argument of a partisan than of the declaration of legal principles by a court.

It appeared from the evidence that the efforts of Mrs. Stammler to secure payment by the plaintiff in error of the amount of which he had wronged her resulted in her receiving from him the sum of $45 at one time. It is complained the court refused to give, as asked, the following instruction:

"The jury are instructed that if they believe, from the evidence, that the prosecuting witness, Mrs. Stammler, accepted from William S. Young the sum of $45 as six months' interest on the sum of $1500 of her money in his hands, then you will find the defendant not guilty."

But added thereto the following modification: "Provided that you further believe, from the evidence, that there was an agreement or understanding between the prosecuting witness and the defendant, Young, that he, the defendant, should have the use of said sum of money, and provided you further believe, from the evidence, that the defendant did not embezzle the notes mentioned in the indictment."

The instruction should have been refused. Mrs. Stammler had full legal right to endeavor to have the note which plaintiff in error, as bailee, had stolen from her, restored to her or to secure compensation therefor from the plaintiff in error, or to induce him to re-pay to her the sum of $1500 of which he had deprived her as her bailee, or to induce him to pay interest on such sums, or either of them, without in anywise affecting the power and authority of the representatives of the people of the State to prosecute him criminally for the crime which he committed in converting the note and money to his own use. Mrs. Stammler had not the power to compound the crime so as to bar the People, nor did she seek to do so. An attempt so to do would have subjected her to the penalties provided by section 43 of our Crimnal Code as a punishment for that offense. Said section 43, however, expressly provides: "But no person shall be debarred from taking his goods or property from the thief or felon, or receiving compensation for the private injury occasioned by the commission of any such criminal offense." The instruction should have been refused, but as modified it did not exercise any improper influence against the plaintiff in error.

193—16

It is complained the court overruled the motion in arrest of judgment entered by plaintiff in error. This motion was grounded on the insistence that the description, as given in the indictment, of the note alleged to have been embezzled by the plaintiff in error, as bailee, is insufficient to uphold the judgment of conviction. In this respect the indictment in many, if not all, of the counts, reads as follows: "One unpaid promissory note, the same then and there being an instrument of writing for $1000, then and there of the value of $1000, to one Louisa Stammler, then and there the owner thereof, the personal goods, funds, money and property of Louisa Stammler, which said personal goods, funds, money and property then and there were delivered to him, the said William S. Young."

At the common law a note was not the subject of larceny. The view obtained that as the note was mere evidence of an indebtedness, and that one who took and carried it away did not get the money due thereon or the right to receive the money, there could be no theft of it. A piece of paper was the subject of larceny, however, but if a note was written on the paper it was the rule of the common law that an indictment could not be maintained for stealing it, the reason given being, that the character of the paper as a thing, of itself, which might be stolen, had been absorbed in its higher character as a chose in action, which could not be the subject of larceny. In Illinois these subtleties have been obviated by statutory provisions making a note the subject of larceny. Section 167 of our Criminal Code provides: "Larceny may also be committed by feloniously taking and carrying away any bond, bill, note, receipt or any instrument of writing of value to the owner." And section 170 provides: "If any bailee of any bank bill, note, money or other property, shall convert the same to his own use, with intent to steal the same, or secretes the same with intent so to do, he shall be deemed guilty of larceny."

Under these statutes the niceties of the reasoning of the common law, that the writing of the words necessary to create a legal right of action on a piece of paper operated to merge a tangible piece of paper into an invisible and intangible right of action to recover some tangible thing, has become obsolete. A note,—the paper and the writing thereon,—in view of these enactments, is itself a thing the theft whereof is larceny. The statute declares it an indictable offense to feloniously take and carry away a "note," or for a bailee to feloniously convert to his own use a "note" entrusted to his keeping by another. It is difficult to see why more is required, as matter of description of the thing stolen, in an indictment for stealing a note than in an indictment for stealing any other thing that is the subject of larceny, as a horse, hog, sheep, watch, hat, cap, coat or a book, etc. .The color of an animal alleged to have been stolen, or that it is blind or bears marks or brands, or has been given a name, need not be stated in an indictment for stealing the animal; nor is the style, color or material of a hat, cap or coat, or whether of the size for a man or boy; or whether a watch is cased with gold or silver; or the name of the author of a book or the subject treated upon, the color of the binding, etc., essential to a sufficient description of either of such things. That such particularity of description is not required is well settled. Any chattel may be described by the name by which it is usually known. (12 Ency. of Pl. & Pr. 980.) The name of the maker of the note, the date, time of maturity, rate of interest, to whom payable and place of payment, by whom endorsed, and possibly other details, may be requisite to a description when certainty to a certain intent in every particular is required, but certainty to a common intent is all that is necessary in defining offenses in criminal indictments. (12 Ency..of Pl. & Pr. 952.) We do not understand greater particularity is now required in an indictment for the larceny of a note than to state the name

of the thing stolen,—a note,—with proper averments of value and ownership. In *Commonwealth* v. *Bratten*, 100 Mass. 206, it was held that, the offense of the larceny of a promissory note being statutory in that State, it is sufficient to describe the property stolen as a promissory note, with the proper averments of ownership and value. The same view is taken in *McLaughlin* v. *Commonwealth*, 4 Rawle, 464; *Wayland* v. *Commonwealth*, 90 Va. 544; *Robinson* v. *Commonwealth*, 32 Gratt. 870. Mr. Bishop, in his work on Criminal Procedure, declares it to be the established rule that where a statute in express words makes the larceny of a promissory note an indictable offense, it is an adequate description in an indictment to describe the property as a promissory note, and allege ownership and value. The same rule is announced in McLain on Crim. Law, sec. 595, and in 12 Ency. of Pl. & Pr. 994.

In the case at bar, the plaintiff in error, without entering a motion to have the indictment held insufficient for the reason now urged in support of the motion in arrest of judgment,—that the description of the note was too indefinite to advise him of the charge he was called upon to meet,—pleaded to the merits of the charge and entered upon a hearing of the case upon the merits. The indictment contains all the essential elements of the crime of larceny by a bailee, and the substance, at least, of a good description of the note alleged to have been converted and stolen. That greater particularity of description was essential must be deemed to have been waived by going to trial on the merits, and cannot be urged as ground for arresting the judgment. A motion in arrest of judgment cannot be sustained for any matter not affecting the real merits of the offense charged in the indictment. Crim. Code, sec. 9, div. 11; *Winship* v. *People*, 51 Ill. 296; 12 Ency. of Pl. & Pr. 798.

The judgment will be affirmed.

*Judgment affirmed.*