## The People of the State of Illinois, Defendant in Error, v. N. K. Zlotincke, Plaintiff in Error.

### Gen. No. 14,905.

1. CRIMINAL LAW—*what not reached by motion in arrest.* The remark in Gardner v. People, 3 Scammon, 83, to the effect that a motion in arrest opens the entire record and reaches *any* defect apparent upon its face is an *obiter dictum* and too broad.

2. CRIMINAL LAW—*when motion in arrest may be granted.* A motion in arrest may be granted, first, where there is a total variance between the declaration and the original writ; second, where the verdict materially differs from the pleadings and the issues thereon; and, third, if the case laid in the declaration is not sufficient in point of law to found an action upon. Exceptions that are moved in arrest of judgment must be much more material and glar-

364    APPELLATE COURTS OF ILLINOIS.

The People of the State of Illinois v. Zlotincke, 152 Ill. App. 363.

ing than such as will maintain a demurrer; or, in other words, many inaccuracies and omissions which would be fatal if early observed, are cured by a subsequent verdict and not suffered in the last stage of a cause to unravel the whole proceeding.

3. CRIMINAL LAW—*what not jeopardy.* Where a prisoner has been indicted and found guilty by the verdict of a jury, if the judgment has been arrested on his motion, he has not been legally in jeopardy and cannot plead the conviction in bar to a subsequent indictment.

4. CRIMINAL LAW—*effect of defective information.* If an information is merely defective and not void but susceptible of amendment, a conviction obtained upon a sufficient amended information will not be reversed.

5. CRIMINAL LAW—*when irregular information will not reverse.* An information after verdict will not reverse if insufficient merely in not having the proper affidavit attached and in lacking the endorsement of the judge, required by statute.

Proceeding by information. Error to the Municipal Court of Chicago; the Hon. FRANK P. SADLER, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed December 7, 1909. Petition for rehearing denied March 11, 1910.

**Statement by the Court.** An information was filed in the Municipal Court of Chicago, on January 20, 1908, by Kasimir Motykowski, charging that on January 12, 1908, in Chicago, N. K. Zlotincke "did unlawfully, wickedly and maliciously write and publish and cause and procure to be written and published a false, scandalous, defamatory libel" concerning Motykowski, editor of the Kumoszka, a weekly paper, in the Dzwon, another weekly paper, while he, Zlotincke, well knew "the said defamatory libel to be false," to Motykowski's "great damage, scandal and disgrace" and "contrary to the form of the statute in such case made and provided." This information was duly verified by affidavit of Motykowski. Before the information was filed, the same was examined by one of the judges of the Municipal Court and, according to his endorsement thereupon, he satisfied himself that there was probable cause for the filing thereof. The language complained of, as having been published and as being libelous, was not set forth in the information. The defendant having been brought into court, moved to quash the indictment and thereupon the state's attorney made a coun-

ter-motion for leave to file an amended information. The counter-motion was allowed and a few days thereafter an amended information was filed. The amended information by Motykowski, which was not sworn to, stated that the language complained of was published in the Polish language and, after reciting the published Polish language, gave the following translation thereof, namely:

"To Polish Merchants.

Under the address of the Polish merchants in Chicago, who formed an organization for the development and support of the Polish trade, we send the following questions:

1st. Is it proper that at the head of a society should stand a thief, and a professional one, namely the editor of the Kumoszka? (meaning thereby to charge the said Kasimir Motykowski who was then and there the head of the said society, and also then and there the editor of the said Kumoszka, with having been guilty of the crime of larceny).

2nd. Does not the ambition and honor of the associated merchants and their interests suffer from, that a thief directs their steps? (meaning then and there to charge the said Kasimir Motykowski with being a thief).

3rd. Can people have confidence in stores which advertise themselves in a paper of a thief?" (meaning thereby to charge the said Kasimir Motykowski with being a thief and unworthy of confidence).

"Against the editor of Kumozska, publicly, makes the following charges, which we can prove:

1. About three years ago, the editor of Kumozska disappeared from Chicago, having ruined many Poles, and the Alliance Group No. 346 Tow. Listopadowe" (meaning thereby to charge the said Kasimir Motykowski with having wrongfully and wickedly ruined many persons).

2nd. The wife of the editor of Kumoszka told us in the presence of witnesses that her husband allowed himself to do whole lots of foul plays, and therefore, was forced to escape to Canada" (meaning thereby to

366    APPELLATE COURTS OF ILLINOIS.

The People of the State of Illinois v. Zlotincke, 152 Ill. App. 363.

charge the said Kasimir Motykowski with being guilty of dishonesty and criminal practices).

3rd.   The editor of Kumoszka kept boarders, and in their absence robbed them of cash, opening skillfully the trunks of the boarders'' (meaning thereby to charge the said Kasimir Motykowski with being a thief and robber).

4th.   When he was the treasurer of the Group 346 he misappropriated its money, which up to the present time he is paying in installments, and although three years passed, he has not returned all, so hard it is for him to refund other people's money.   And such thief is the representative of our merchants'' (meaning thereby to charge the said Kasimir Motykowski with being an embezzler and thief).

''Is this not a shame for the whole Polish population?''

The information also alleged that the publication was intended to impeach the honesty and integrity of Motykowski to expose him to public hatred, contempt and ridicule.   A motion was made to quash the amended information and overruled.   Defendant pleaded not guilty and after a trial by jury a verdict of guilty was returned.   Motions for new trial and in arrest of judgment were made and overruled and defendant was sentenced to pay a fine of $300 and costs of suit.

STEDMAN, SOELKE & SHUTAN, for plaintiff in error.

JOHN E. W. WAYMAN, for defendant in error; WILLIAM PRENTISS, of counsel.

MR. PRESIDING JUSTICE CHYTRAUS delivered the opinion of the court.

The Criminal Code provides: ''A libel is a malicious defamation, expressed * * * by printing * * * tending to * * * impeach the honesty, integrity or reputation * * * of one who is alive, and thereby to expose him to public hatred, contempt, ridicule, or financial injury.'' The article, a translation of which

appears above, was shown to have been published by Zlotincke, in Chicago, in the Polish language and to have been read by some persons. The article is clearly libelous and there is no doubt of defendant's guilt so far as the merits are concerned. Indeed there was really no defense made upon the merits, and it appears defendant has once pleaded guilty to a similar offense.

In the brief and argument on behalf of plaintiff in error points and propositions are advanced as follows:

"I.   A motion in arrest of judgment is available for *any* error or defect upon the face of the record where the indictment is insufficient."

"II.   The original information stated no offense and conferred no jurisdiction upon the Municipal Court to arrest, try and sentence the plaintiff in error."

"III.   The original information being void could not be amended."

"IV.   The amended information was filed without the endorsement of the judge as required by the Municipal Court Act. It fails to state any offense, and it was not sworn to and is therefore void. That the words pleaded are not libelous and do not bear the innuendoes pleaded."

"V.   An information is void without an affidavit."

"VI.   The record is silent as to what information the defendant was arraigned or as to what information he pleaded not guilty."

No other points have been presented or argued. Proposition VI is not argued. It appears that the amended information was filed on February 21, 1908, and that the defendant joined issue on February 26, 1908, by pleading not guilty. "Informations are as declarations in the king's suit." Long v. People, 135 Ill. 435, 441. The silence of the record which is referred to is obviously immaterial and, clearly, defendant pleaded to the amended information.

We cannot accede to proposition I. The proposition is based upon a paragraph in Gardner v. People, 3 Scam. 83, as follows: "The last assignment is, that the court erred in overruling the motion in arrest of judgment. This motion opened the entire record, and

368    APPELLATE COURTS OF ILLINOIS.

The People of the State of Illinois v. Zlotincke, 152 Ill. App. 363.

would reach any defect apparent upon its face. All the objections, however, which could have properly been urged under this motion have been separately considered under distinct assignments of error and overruled.'' The record there referred to is the common law record, exclusive of the bill of exceptions. The questions that might have arisen upon the motion having already been disposed of, the remark relative to the effect of the motion in arrest is an *obiter dictum,* without citation of any authority, and states the rule too broadly. The other Illinois cases cited are not at all in point.

The scope and function of the motion in arrest is clearly laid down in Blackstone's Commentaries, 3 Cooley's Blackstone, 393. It is there said: ''Arrests of judgment arise from *intrinsic* causes, appearing upon the face of the record.'' In explanation it is then added that of this kind of causes are, first, where there is a total variance between the declaration and the original writ; secondly, where the verdict materially differs from the pleadings and issue thereon; and, thirdly, if the case laid in the declaration is not sufficient in point of law to found an action upon. Respecting this third cause it is said to be ''an invariable rule with regard to arrests of judgment upon matters of law, 'that whatever is alleged in arrest of judgment must be such matter as would upon demurrer have been sufficient to overturn the action or plea.' As if, on an action for slander in calling the plaintiff a Jew, the defendant denies the words, and issue is joined thereon; now if a verdict be found for the plaintiff, that the words were actually spoken, whereby the fact is established, still the defendant may move in arrest of judgment, that to call a man a Jew is not actionable; and, if the court be of that opinion, the judgment shall be arrested, and never entered for the plaintiff. But the rule will not hold *e converso,* 'that every thing that may be alleged as cause of demurrer will be good in arrest of judgment;' for if a declaration or plea omits to state some particular circum-

stance, without proving of which, at the trial, it is impossible to support the action or defense, this omission shall be aided by verdict.  *  *  *  For the verdict ascertains those facts, which before from the inaccuracy of the pleadings might be dubious; since the law will not suppose that a jury, under the inspection of a judge, would find a verdict for the plaintiff or defendant, unless he had proved those circumstances, without which his general allegation is defective. Exceptions, therefore, that are moved in arrest of judgment, must be much more material and glaring than such as will maintain a demurrer: or, in other words, many inaccuracies and omissions, which would be fatal, if early observed, are cured by a subsequent verdict; and not suffered, in the last stage of a cause, to unravel the whole proceedings." In note 3 on the same page it is said: "The parties cannot move in arrest of judgment for anything that is aided after verdict at common law, or by the statute of amendments, or cured, as matter of form, by the statute of jeofails," and the common law rule as to defects cured by verdict is quoted as follows: "When there is any defect, imperfection, or omission in any pleading, whether in substance or form, which would have been a fatal objection on demurrer, yet if the issue joined be such as necessarily required, on the trial, proof of the facts so defectively or imperfectly stated or omitted, and without which it is not to be presumed that either the judge would direct the jury to give, or the jury would have given, the verdict, such defect, imperfection or omission, is cured by the verdict at the common law." To the same effect 2 Tidd's Pr. 918, 919 and notes. This quoted common law rule is quoted and approved in C. & A. R. R. Co. v. Clausen, 173 Ill. 100, 103-4, and followed in Danley v. Hibbard, 222 Ill. 88, 91. See Wallace v. Curtis, 36 Ill. 156, which is a case where there occurred an omission to set out a material fact in the declaration, but the judgment was, nevertheless, affirmed; also, Nichols

370 Appellate Courts of Illinois.

The People of the State of Illinois v. Zlotincke, 152 Ill. App. 363.

v. People, 40 Ill. 395, where it was held that the want of venue in the body of an indictment cannot be taken advantage of after verdict. And see Young v. People, 193 Ill. 236.

It is also a rule in this state, as well as elsewhere, that "a motion in arrest of judgment cannot be sustained for any matter not affecting the real merits of the offense charged in the indictment." Young v. People, 193 Ill. 236, 244. "The motion in arrest of judgment, * * * cannot be sustained for any matter not affecting the real merits of the offense charged in the indictment." Winship v. People, 51 Ill. 296.

As quoted by Mr. Justice Adams, in Gregg v. People, 98 Ill. App. 170-74: "These great niceties and strictness in pleading should only be countenanced and supported when it is apparent the defendant may be surprised on the trial, or unable to meet the charge, or make preparation for his defense, for want of greater certainty or particularity in the charge." Niceties and technicalities in pleading and procedure should not be permitted to impede the administration of justice but should only be invoked to promote it.

In the present case it is, beyond question upon this record, that the defendant published the article here in question and that the article is libelous. Upon the merits defendant is clearly not entitled to a reversal. It would be worse than useless to reverse and remand this case, for it is fair to assume the evidence would be the same upon another trial. Even if a new information or an indictment were necessary again to put defendant on trial, he could not plead former jeopardy for "where a prisoner has been indicted and found guilty by the verdict of a jury, if the judgment has been arrested on his motion, he has not been legally in jeopardy and cannot plead the conviction in bar to a subsequent indictment." Bedee v. People, 73 Ill. 320; Phillips v. People, 88 Ill. 161; Rubush v. State, 112 Ind. 107; State v. Goudalock, 1 Brev. (S. C.) 48; State v. Koerner, 51 Mo. 174. The statute of limitation for prosecution would not aid defendant, for

section 6 of division IV of our Criminal Code stays the running of time where there is a reversal in such case.

The remaining propositions advanced may be disposed of together. We do not understand the original information filed to be void. The original information charged an offense. True, the statement of the offense was defective because the defamatory language used by defendant was not set up therein, nor was it stated that the words used were in a foreign language and that they were read by persons here who understood them. But this omission or defect was amendable and also curable by verdict. In the original information conclusions and not facts were pleaded; but such pleading is amendable. There was here not a failure to state an offense, but an offense defectively stated.

The amended information lacked in some of the formalities required by law. It did not have such an affidavit attached as was attached to the original information and it also lacked such an endorsement of a judge as appears upon the original information. So far as this record shows, these particular objections were not raised before trial. While these lacking requirements are material and the absence thereof would be fatal to the particular information challenged, if objection were specifically made before trial, yet as they do not go to the merits upon the question of guilt or innocence, and as their absence could not tend to prevent the accused from obtaining and having a full, fair and impartial hearing and trial upon the question of his guilt or innocence, therefore, after a verdict of guilty, the law does not require a reversal for these irregularities.

So far as the argument that the words pleaded are not libelous is concerned, it is sufficient to refer to the words themselves.

The judgment is affirmed.

*Affirmed.*