[No. 22971. Department One. April 6, 1931.]

THE STATE OF WASHINGTON, *Respondent*, v. LOUIS COSTELLO, *Appellant*.[1]

[1]Reported in 297 Pac. 790.

*Joseph A. Albi* and *Stephen F. Chadwick,* for appellant.

*Chas. W. Greenough* and *Ralph E. Foley,* for respondent.

MITCHELL, J.—An information containing three counts was filed in the superior court of Spokane county against Louis Costello. In count I it was charged that, in that county, on February 9, 1930, he unlawfully and feloniously carried about with him intoxicating liquor, moonshine whiskey, for the purpose of the unlawful sale of the same. And, in connection therewith, it was alleged that, prior thereto, he had been twice convicted, once in the superior court on September 22, 1925, and once in the justice of the peace court on May 19, 1922, of the crime of having intoxicating liquor in his possession.

In count II it was charged that, in that county, on February 9, 1930, he unlawfully and feloniously had in his possession intoxicating liquor, moonshine whiskey,

with intent to unlawfully barter, sell and exchange the same. And, in connection with that count, it was alleged, also, that, prior thereto, he had been twice convicted, once in the superior court on September 22, 1925, and once in the justice of the peace court on May 19, 1922, of the crime of having intoxicating liquor in his possession.

Count III was as follows:

"That the said defendant, Louis Costello, in the county of Spokane, state of Washington, on or about the 9th day of February, 1930, then and there being, did then and there wilfully, unlawfully, feloniously and corruptly offer and give a compensation and gratuity of One Hundred Dollars ($100) in lawful money and currency of the United States of America to Harlow Walter, then and there a person duly and regularly executing the functions of a public officer, to-wit: the functions of a deputy sheriff in and for the county of Spokane, state of Washington, with intent him, the said Harlow Walter, to influence with respect to an act and decision in the exercise of his power and functions as such officer, to-wit: to influence the said Harlow Walter to unlawfully release the said defendant, Louis Costello, from the lawful custody of said Harlow Walter."

The defendant demurred to the information upon the grounds, (1) that there was a misjoinder of causes of action; and (2) that the information did not state facts sufficient to constitute a cause of action in either count. The demurrer was overruled.

At the trial, the state introduced evidence showing that a deputy sheriff arrested the defendant, who had in his automobile along a public highway three ten-gallon kegs, each containing moonshine whiskey. Its evidence further showed that the defendant, while being taken to the county jail, offered the deputy sheriff one hundred dollars to let him go.

At the close of the state's case in chief, the defendant moved that the state be required to elect between counts I and II, for the reason that the testimony showed that both counts referred to and rested upon the same moonshine whiskey. The motion was denied. The jury found the defendant guilty, as charged, in all three counts, and further found that the defendant had been twice previously convicted of violating the intoxicating liquor laws of this state. The defendant filed a motion in arrest of judgment; and also filed a motion for a new trial on the several statutory grounds. The motion in arrest of judgment was granted as to count I and denied as to counts II and III. The motion for a new trial was denied. The defendant has appealed from the judgment on counts II and III. The state has appealed from the order arresting judgment on count I.

■■ Appellant claims that the court erred in refusing to sustain the demurrer to the information on the ground of misjoinder of causes of action. The statute, Rem. 1927 Sup., § 2059, permitting the joinder of causes in criminal actions (which was sustained and construed in *State v. Brunn,* 145 Wash. 435, 260 Pac. 990), provides therefor

"When there are several charges against any person, or persons, for the same act or transaction, or for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes or offenses, . . ."

and, under the cases of *State v. Hilstad,* 148 Wash. 468, 269 Pac. 844 and *State v. McCourt,* 157 Wash. 499, 289 Pac. 41, we are satisfied that counts I and II, as they appear upon the face of the information, were properly joined; however, the joinder of count III with the other two constituted a misjoinder and reversible error, as the same appears upon its face.

The bribery, or attempted bribery, alleged in the third count was not, of course, the "same act or transaction" as that referred to in either count I or II; nor ·was it "an act or transaction of the same class of crimes or offenses" as either of those set out in counts I and II, *State v. Hilstad,* 148 Wash. 468, 269 Pac. 844, and *State v. McCourt,* 157 Wash. 499, 289 Pac. 41; nor was there any allegation whatever in the information directly or indirectly charging that the transaction mentioned in the third count was connected with the acts or transactions mentioned in counts I and II, or either of them, as required by that provision of the statute. We do not hold that the facts stated in count III do not constitute a crime, but only, as it appears upon the face of the information, the demurrer for misjoinder to this extent should have been sustained. *State v. McCourt, supra.*

██ As to counts I and II the demurrer was properly overruled. Upon the face of the information, the acts covered by these counts appeared to be separate and distinct, and proper to be joined as the same class of crimes. But a different situation was presented at the close of the state's case in chief. It .then clearly appeared that the foundation of the charge in each count was precisely the same moonshine whiskey, time, place, and possession, and it was error to deny appellant's motion to require the prosecution to elect upon which count it would proceed. In this connection, it may be stated that, in our opinion, there was enough evidence to take the case to the jury upon either of those two counts.

██ Appellant complains that the allegations of prior convictions in counts I and II are defective because they refer to·the crime of having possession of intoxicating liquor, omitting the words "other than alcohol." The gist of these allegations, however, is

the prior convictions, and the allegations were sufficient for that purpose. *State v. Gilfilen,* 124 Wash. 434, 214 Pac. 831.

Exceptions were taken by the appellant to certain instructions given and to the refusal of the court to give certain requested instructions, upon which assignments of error have been presented. Upon examining them, we are of the opinion there is no just cause for complaint in this respect.

It is further claimed that the statute requiring allegations of prior convictions in prosecutions under the prohibition act is unconstitutional, under both state and Federal constitutions, as an arbitrary and unwarranted classification, since it is not made applicable to prosecutions of those who offend against other laws. However, it is reasonable to suppose, we think, that the legislature appreciated a distinctive necessity for such a provision in the enforcement of the prohibition statutes, as compared with other criminal statutes, so as to prevent and deter, as far as possible, the enormous threat to the common welfare and safety that would follow organized violations of these statutes; that, for that purpose, this law, requiring prior convictions to be set up in indictments and informations, was passed to be observed and enforced, not with respect to the violation of any one of the crimes defined by the general prohibition act, but with respect to all of them. It is uniform in its operation with reference to all that class of crimes.

In *State v. Dericho,* 107 Wash. 468, 182 Pac. 597, in sustaining the validity of this provision of the act, although the question of classification was not therein discussed, mention was made of the provision as a "proper police regulation to discourage violations of the law," and, pertinent to the matter of classification with respect to such laws, it was said in *State ex rel.*

*Davis-Smith Co. v. Clausen,* 65 Wash. 156, 117 Pac. 1101, 37 L. R. A. (N. S.) 466, as follows:

"It is well settled that neither the clause of the state constitution prohibiting class legislation, nor the clause of the fourteenth amendment to the constitution of the United States relating to the equal protection of the laws, takes from the state the power to classify in the adoption of police regulations. The limitations imposed admit of a wide discretion in this respect, and avoid only what is done without any reasonable basis; . . . ."

The provision here objected to is, we think, well within the discretion of the legislature with reference to the subject matter of classification and not obnoxious to the provisions of either constitution.

Appellant's final contention that the act of the extraordinary session (Laws of 1925, Ex. Ses., p. 168), Rem. 1927 Sup., § 2059, providing for the joinder of several counts in one indictment or information, by implication repeals the prior statute, Rem. Comp. Stat., § 7339, relating to alleging prior convictions of the prohibition act, is, in our opinion, without merit. There is no inconsistency between the two statutes.

What has been said already herein disposes of other assignments of error presented by the defendant on his appeal, and also of the state's cross-appeal. Upon the record presented here, as to counts I and II, the state should decide upon only one of them for the purposes of a new trial.

The judgment appealed from is reversed, with directions to grant the defendant a new trial. Defendant appellant will recover costs of appeal.

TOLMAN, C. J., HOLCOMB, MAIN, and PARKER, JJ., concur.