[No. 23818. Department Two. August 29, 1932.]

THE STATE OF WASHINGTON, *Respondent,* v. LOUIS COSTELLO, *Appellant.*[1]

[1]Reported in 14 P. (2d) 24.

*Joseph A. Albi* and *Francis J. McKevitt,* for appellant.

*Chas. W. Greenough, Louis F. Bunge,* and *Ralph E. Foley,* for respondent.

BEALS, J.—Defendant, Louis Costello, was informed against by the prosecuting attorney of Spokane county, the information containing three counts. By the first count, he was charged with the crime of bootlegging, together with two previous convictions of offenses against the laws prohibiting possession of intoxicating liquor; by the second count, he was charged with possession of intoxicating liquor; and by the third, with bribery.

Defendant's demurrer to the information was overruled, and upon his trial, defendant was convicted on all three counts, the court later arresting the judgment on count one, on the ground that the facts constituting the basis for the primary charges contained in counts one and two were identical, and that the crime of possession of intoxicating liquor with intent to sell, as charged in the second count, was an offense included within the charge set forth in count one.

From judgment of guilty on the verdict of the jury and a sentence to confinement in the state penitentiary, the defendant appealed to this court, with the result that his conviction was reversed, and the case re-

manded for a new trial (*State v. Costello,* 161 Wash. 674, 297 Pac. 790), this court holding that the information was obnoxious to a demurrer on the ground of misjoinder of causes of action, and that the court had erred in denying defendant's motion to require the prosecution, at the end of its case in chief, to elect between counts one and two. The judgment was affirmed on a cross-appeal by the state from the order of the superior court arresting judgment as to count one.

After remand from this court, a substituted information containing two counts was filed, defendant being charged in the first with the offense of possession of intoxicating liquor with intent to sell the same, and two previous convictions of violations of the liquor laws, and by the second count with the crime of bribery. Defendant's demurrer to the information having been overruled and respondent's demurrer to his plea of former jeopardy sustained, the cause proceeded to trial, the jury finding defendant guilty under count one of possession of intoxicating liquor with intent to sell, and of having been twice previously convicted as charged in that count, and having failed to find defendant guilty of the charge contained in count two. Defendant's motion for arrest of judgment having been overruled and his motion for a new trial denied, defendant appeals from the judgment entered on the verdict and sentence pursuant thereto.

Appellant assigns error upon the overruling of his demurrer to the substituted information; upon the ruling of the trial court sustaining the demurrer to his plea of former jeopardy; upon the admission by the trial court of certain testimony over appellant's objection; upon the refusal of the trial court to dismiss count one on the ground of insufficiency of the evidence introduced by the state in support thereof; upon the refusal of the trial court to strike the prior convic-

tions of appellant, as set forth in count one of the substituted information; upon the giving of an instruction which appellant contends embodied an erroneous principle of law; upon the denial by the trial court of appellant's motion in arrest of judgment and of his motion for a new trial.

Appellant demurred to the substituted information and moved to strike from count one thereof the allegations of his previous convictions set forth therein. The information against appellant, charging possession of intoxicating liquor with intent to sell in the first count and bribery in the second, was drawn pursuant to Rem. 1927 Sup., § 2059, which reads as follows:

"When there are several charges against any person, or persons, for the same act or transaction, or for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes or offenses, which may be properly joined, instead of having several indictments or informations the whole may be joined in one indictment, or information, in separate counts; and, if two or more indictments are found, or two or more informations filed, in such cases, the court may order such indictments or informations to be consolidated."

Appellant argues that the information is bad, because no connection was shown between the prior convictions of appellant in May, 1922, and September, 1925, respectively, as alleged in the second and third paragraphs of the first count of the substituted information, with the crime of bribery, as charged in the second count.

The basic offense charged in the first count, standing alone, amounts to a misdemeanor only, but, coupled with two prior convictions, amounts, in so far as the penalty which follows a verdict of guilty upon all three paragraphs of the count is concerned, to a felony. The

statute requiring the charging of prior convictions in prosecutions under the prohibition act was considered by this court in the case of *State v. Dericho,* 107 Wash. 468, 182 Pac. 597, and the validity of the act sustained. The matter was also referred to in the opinion on the prior appeal in this case (*State v. Costello, supra*).

The prior convictions alleged in count one, in so far as the question now under discussion is concerned, must be held to be merely ancillary or incidental to the allegations concerning the offense charged in the first paragraph of the count. The violation of law charged in the first paragraph of count one and the offense charged in count two were properly connected by appropriate allegations. The fact that count one also contained allegations of prior convictions of appellant does not render the substituted information obnoxious to a demurrer on the ground of misjoinder. The basic charges were properly joined in one information. We find no error in the ruling of the trial court in overruling appellant's demurrer on the ground of misjoinder.

Appellant next contends that his demurrer to count one of the substituted information should have been sustained because the two prior convictions pleaded against him therein occurred, one as long ago as 1922, and the other in 1925. It is argued that the court should read into Rem. Comp. Stat., § 7339, the section of the statute which provides that there shall be included in any complaint, information or indictment charging a violation of the prohibition act an allegation showing any previous conviction of the person against whom the complaint or other pleading is filed, a time limitation, and that it must be held that prior convictions antedating such period of limitation cannot be included in any such pleading. Appellant cites the Federal prohibition act, in which this princi-

ple is recognized, and argues that a similar intention on the part of our legislature must be inferred.

Granting that such statutes as that now under discussion shall be strictly construed, as stated in 16 C. J. 1339, § 3150, title "Criminal Law," nevertheless it is apparent that appellant is not asking this court to construe the law, but to legislate into the same a new provision which the legislature has not seen fit to embody therein. The law as it stands is plain and unambiguous, and we decline to read into the same any time limitation, whether that fixed by the statutory limitation against prosecution for offenses or otherwise.

It appears from the evidence that February 9, 1930, a deputy sheriff of Spokane county, motoring along a country road, saw a Hudson car in an apparently disabled condition by the side of the road. Investigation by the deputy sheriff disclosed that the car contained thirty gallons of moonshine whiskey. Shortly thereafter, appellant was seen approaching the car, and upon being questioned, admitted that he had been riding therein. It appeared that the car belonged to one McDonald, who testified that he had, on the day of the arrest, delivered it to an employee of his named Sproat.

Appellant testified that Sproat picked appellant up at Deer Park, inviting him to ride to Spokane; that, when about five miles on the way, the car skidded off the road, whereupon appellant went for assistance, and upon his return was placed under arrest. Appellant testified that, after he was placed under arrest, he gave the deputy sheriff one hundred dollars for the purpose of securing his release, appellant admitting, however, that he was not released, but was taken to jail by the arresting officer and another deputy sheriff.

Appellant further testified that he had gone to

the vicinity of Deer Park for the purpose of purchasing a gas station, and in this appellant was corroborated by the owner of the gas station, who had advertised the same for sale. On cross-examination, appellant testified that, on this day, which was Sunday, he had played cards and pool in a Deer Park pool room for about an hour and a half, and that other patrons of the pool room were also playing cards and otherwise amusing themselves therein. In rebuttal, the state called a witness who testified that, at the time specified, he was operating the pool room, that he did not know appellant and had never seen him. Respondent's counsel then asked the witness whether or not any pool, billiards or cards were played in his establishment on the day referred to, to which question appellant objected, his objection being by the court overruled, whereupon the witness answered the question in the negative. Some other questions along the same line were propounded by respondent's counsel, to which appellant's objections were sustained.

Appellant contends that the court erred in allowing the witness to state that neither pool nor cards was played in his establishment on the day appellant testified he was there, and argues that this ruling of the court constitutes a violation of the rule that a witness, in this case appellant, cannot be impeached by showing the falsity of his testimony concerning facts collateral to the main issue. In support of his contention, appellant cites many authorities, including several opinions of this court.

It must be remembered that appellant himself opened the subject of inquiry by testifying that he frequented the pool hall and played pool and cards therein. This was a matter pertinent to appellant's defense, and it cannot be held that this testimony on the part of appellant was collateral to the issue. The authorities

cited by appellant are not in point. The trial court did not err in admitting the testimony of which appellant complains.

■ Appellant next earnestly contends that the evidence was insufficient to sustain his conviction on count one, and argues that, because upon the second trial appellant was acquitted of count two charging him with bribery, the testimony of the deputy sheriff who testified for the state under both counts is entirely discredited and should be disregarded. Appellant also argues that the *corpus delicti* was not established, and that this court should hold that the evidence is insufficient to support the verdict of guilty. It is true that the evidence was conflicting, and the jury might well have believed appellant's story and returned a verdict of acquittal. Examination of the record, however, convinces us that the verdict of guilty finds substantial support therein, and that it cannot be held, as matter of law, that the verdict must be set aside for want of sufficient evidence to support it.

■ Appellant filed a written plea of former jeopardy, relying upon the ruling of the trial court on the former trial sustaining appellant's motion in arrest of judgment as to count one of the original information. On the former appeal, this court found no error in the action of the superior court in arresting judgment on count one. The same facts constituted the basis for the charges contained in counts one and two of the original information, the crime charged in count two being an included offense embraced within the charge laid in count one. Count two of the original information is now count one of the substituted information, and the same acts were relied upon by the prosecution in the second trial as were shown by the state in support of counts one and two on the first trial.

In support of his contention that the trial court erred in sustaining respondent's demurrer to his plea of former jeopardy, and in failing to grant appellant's motion in arrest of judgment upon the ground that the plea referred to should have been sustained, appellant cites the case of *State v. Owens,* 157 Wash. 54, 288 Pac. 233. In the case cited, it was held that, on a second trial, a plea alleging an acquittal by a jury upon a former trial, with other allegations, raised on the second trial an issue of fact which should be submitted to the jury. The defendant was on trial for embezzlement, and in the plea of former jeopardy it was alleged that he had been tried upon four counts, convicted upon one, and acquitted upon three, and that the evidence in support of the counts upon which he was acquitted would have been sufficient to have sustained a verdict of guilty on the count upon which he was convicted. A new trial having been granted on defendant's motion, he interposed his plea of former jeopardy, with the result that this court held that the plea could not be held bad as matter of law.

In the case cited, the plea of former jeopardy was based upon an acquittal by a jury. In the case at bar, appellant in his plea alleges that the trial court entered an order in arrest of judgment as to count one of the original information, and that appellant,

" . . . by reason of his acquittal on count one of the original information, was of necessity acquitted of count two of the original information, because the same evidence was used against the defendant in count two as was used against him in count one."

Assuming that the offense of possession of liquor with intent to sell is included in that of bootlegging, it is not the law that the entry of an order in arrest of judgment, under the circumstances here shown, as to count one of the original information renders ap-

pellant's plea of former jeopardy good as against a demurrer.

The ruling of the trial court upon the first trial of the action, upon which appellant relies, is the order arresting judgment upon count one. Later, appellant sought, and on appeal to this court obtained, a new trial. Appellant now appeals from judgment entered upon the verdict of the jury finding him guilty of a charge which is identical with charge two of the original information, upon which appellant was found guilty in the first trial.

In the case of *State ex rel. Lukich v. Superior Court,* 145 Wash. 450, 260 Pac. 671, this court said:

"In *State v. George,* 84 Wash. 113, 146 Pac. 378, this court quoted with approval from Cooley on Constitutional Limitations (7th ed.), pp. 468-470, as follows:

" 'If, however, the court had no jurisdiction of the cause, or if the indictment was so far defective that no valid judgment could be rendered upon it, or if by any overruling necessity the jury are discharged without a verdict, which might happen from the sickness or death of the judge holding the court, or of a juror, or the inability of the jury to agree upon a verdict after reasonable time for deliberation and effort; or if the term of court as fixed by law comes to an end before the trial is finished; *or the jury are discharged with the consent of the defendant expressed or implied;* or if, after verdict against the accused, it has been set aside on his own motion for a new trial, or on a writ of error, or the judgment thereon been arrested, —in any of these cases the accused may again be put upon trial upon the same facts before charged against him, and the proceedings had will constitute no protection.' "

On the first trial of the action, the superior court arrested judgment upon the charge of bootlegging, and allowed the finding of guilty of the lesser offense, possession of intoxicating liquor with intent to sell, to

stand. By the substituted information, appellant was charged only with the lesser offense of possession with intent to sell, and the order arresting judgment upon the finding of guilty of the count charging bootlegging cannot, on the second trial obtained on motion of appellant, be available to appellant as a basis for a plea of former jeopardy as to count one of the substituted information.

While it is true that, under the older practice, orders arresting judgment in criminal cases were usually granted because of some defect in the indictment or information, the effect of such an order as is now before us, bearing in mind that the same was not granted because of insufficient evidence, should, generally speaking, remain the same. In the case at bar, the judgment was not arrested because the evidence was legally insufficient to support the verdict; indeed, this court on the prior appeal expressly stated that the evidence was sufficient. The judgment was arrested because appellant had been convicted of two different offenses, one included within the other, on the same evidence. It was not that there was too little evidence, but that there was too much conviction.

In Wharton's Criminal Law (12th ed.), vol. I, § 397, page 566, the doctrine is laid down that

"Arrest of judgment, on motion of defendant, because indictment on which conviction had conceded to be invalid by prosecuting officer, or for any other legal cause, cannot be pleaded in bar to a subsequent trial."

The supreme court of the state of California, in the case of *People v. Eppinger,* 109 Cal. 294, 41 Pac. 1037, held that an arrest of judgment operates as an acquittal only when no evidence has been shown sufficient to charge an offense.

The following cases are to the same effect: *Booker v. State,* 151 Ala. 97, 44 South. 56; *Kimball v. Terri-*

*tory,* 13 Ariz. 310, 115 Pac. 70; *People v. Ham Tong,* 155 Cal. 579, 102 Pac. 263, 132 Am. St. 110, 24 L. R. A. (N. S.) 481; *People v. Zlotincke,* 152 Ill. App. 363; *State v. Phil,* 1 Stewart (Ala.) 31; *Gerard v. People,* 4 Ill. (3 Scam.) 362; *Bedee v. People,* 73 Ill. 320; *Gannon v. People,* 127 Ill. 507, 21 N. E. 525, 11 Am. St. 147; *People v. Casborus,* 13 Johns (N. Y.) 351.

Under the authorities, appellant's plea of former jeopardy is insufficient, and the trial court did not err in sustaining respondent's demurrer thereto.

Judgment affirmed.

TOLMAN, C. J., MAIN, MILLARD, and HOLCOMB, JJ., concur.