135 435
164 384
135 435
f93a 6554

JAMES R. LONG

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Mt. Vernon November 22, 1890.*

1. CONTINUANCE—*absent witness—requisites of affidavit.* An affidavit for a continuance on account of the absence of a witness must not only show the facts which can be proved by the witness, but in what way such facts will become material to the issue about to be tried.

2. SAME—*the particular case—absence of witness.* One of several persons indicted for an assault with a deadly weapon, filed his affidavit for a continuance, in which he stated that the defendants expected to prove by an absent witness that the prosecuting witness had threatened to kill one of the defendants, and that such threats had been communicated to such defendant prior to the alleged assault. The affidavit failed to show that at the time of the assault the prosecutor was attempting to execute the alleged threat, or had made any hostile demonstrations whatever toward the defendant: *Held*, that the affidavit was

insufficient, as, for anything shown by it, the defendant's assault was wholly unprovoked by any act of the prosecutor. It was also defective in failing to show how the absent witness obtained his information as to the threats, or in what manner they were communicated to the defendant.

3. SAME—*absence of counsel.* An affidavit for a continuance, based on the absence of the defendant's two attorneys, one of whom was attending another court and the other sick, stated that the senior counsel had always been consulted in regard to the case, and that he was better informed in regard to it than other attorneys could be on short notice, but nothing appeared tending to show that the attorneys then in court representing the defendants had not been employed long prior to that time, neither was it shown wherein the case presented such intricacies of law or fact that any competent attorney could not properly present the defense, even on "short notice :" *Held,* that the affidavit failed to show a sufficient ground for a continuance.

4. CRIMINAL LAW—*of a lost information—supplied by a copy.* The court may allow a lost information to be supplied by a copy, and when the copy is received it will be presumed, in the absence of proof to the contrary, that the court acted upon satisfactory evidence to identify the copy with the original. If the proof is not sufficient to show that the paper proposed to be substituted is a correct copy of the original, the objection should be taken at the time.

5. SAME—*of an information—in what it consists—affidavit no part of the information—office of the affidavit.* A charge of the commission of a misdemeanor, signed by the State's attorney, though sworn to by the prosecuting witness, is an information by such officer. The affidavit attached to the information is not to be treated as any part thereof. Its only use is to authorize the arrest of the defendant. No verification is necessary, except where the information is by some one other than the State's attorney or Attorney General.

6. SAME—*amendment of information—distinction, in that regard, between an information and an indictment.* In matters of amendment, an information stands on entirely different grounds, from an indictment. The officer by whom the information is presented being always in court, it may be amended, on his application, to any extent which the judge deems to be consistent with the orderly conduct of judicial business, with the public interest and with private rights.

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on writ of error to the County Court of Jasper county; the Hon. JOSEPH B. CROWLEY, Judge, presiding.

Messrs. Gibson & Johnson, for the plaintiff in error:

The defendant was entitled to a continuance, both on account of the absence of a material witness and the absence of his counsel. *Culver* v. *Colehour*, 115 Ill. 558; *Hearson* v. *Graudine*, 87 id. 116.

The information was not made by the State's attorney, and the court had no power to allow a substitute to be filed. *McElwee* v. *People*, 77 Ill. 493; *Parris* v. *People*, 76 id. 276; Rev. Stat. chap. 37, sec. 207; 1 Bishop on Crim. Law, secs. 277, 278; *Semple* v. *Hailman*, 3 Gilm. 131; *Devine* v. *People*, 100 Ill. 291; *Smith* v. *Trimble*, 27 id. 152.

Mr. Charles A. Davidson, State's Attorney, for the People:

The consent of the county judge to the filing of the information was not necessary. *Gallagher* v. *People*, 120 Ill. 179; *Obermark* v. *People*, 24 Ill. App. 259.

An information for a misdemeanor can not, on change of venue, be sent to the circuit court, for the reason that court has no jurisdiction. *Swanson* v. *People*, 89 Ill. 589; *Adams* v. *People*, 12 Bradw. 380.

The affidavit for a continuance was insufficient. It failed to show that the alleged facts were true, or that the witness heard the threats. (*Wilhelm* v. *People*, 72 Ill. 468.) It was a matter of discretion to grant a continuance on the other ground.

As to the right to amend the information, or supply its place when lost, see *Truitt* v. *People*, 88 Ill. 520; *Rex* v. *Wilkes*, 4 Burr. 320; *Rex* v. *Harris*, 1 Salk. 47; *State* v. *Weare*, 38 N. H. 314; 1 Bishop on Crim. Proc. sec. 1400; *Hartford Fire Ins. Co.* v. *Vanduzor*, 49 Ill. 489.

Mr. Justice Wilkin delivered the opinion of the Court:

Plaintiff in error was convicted of an assault with a deadly weapon, in the county court of Jasper county, and fined $25. That judgment being affirmed in the Appellate Court, this writ of error is prosecuted.

Benjamin 'F. Harrah, State's attorney of Jasper county, filed his information in the county court of that county, to its August term, 1887, against plaintiff in error and others, charging them with an assault upon one Henry Chezem. This information was by the State's attorney, but sworn to by said Chezem. At said August term the defendants appeared, and on their motion the case was continued. At the following February term it was continued, by agreement. At the August term, 1888, the judge, on his own motion, ordered it certified to the circuit court of said county for trial, but that court refused to take jurisdiction, and sent it back to the county court, where, at its February term, 1889, the case came on for trial, the Hon. Joseph B. Crowley, county judge of Crawford county, presiding. The defendants, by Atchinson & Honey, their attorneys, entered their motion for a continuance, which was overruled. This is urged as error. The affidavit on which the motion was based, stated that defendants expected to prove by an absent witness, "that Henry Chezem, the prosecuting witness, had threatened to kill Robert Long, one of defendants, and that such threats had been made and communicated to said Long prior to the alleged assault charged in said information." The affidavit wholly fails to show, that at the time of the assault charged, Chezem was attempting to execute the alleged threat, or guilty of any hostile demonstrations whatever toward Long. An affidavit for continuance on account of the absence of a witness must not only show the facts which can be proved by the witness, but how such facts will be material to the issue about to be tried. For anything shown by this affidavit, Long's assault upon Chezem was unprovoked by any act of the latter, therefore previous threats by Chezem were wholly immaterial. The affidavit is also defective in failing to show how the absent witness obtained his information as to the threats, or how they were communicated to plaintiff in error. *Wilhelm* v. *The People,* 72 Ill. 468.

The motion for continuance was also based on the absence of Gibson and Johnson, two of the defendants' attorneys, the former being in attendance upon another court, and the latter sick. It is stated in the affidavit, that Gibson "had always been consulted in regard to the case, and that he was better informed in regard to it than other attorneys could be on short notice." There is nothing in the affidavit or record tending to show that the attorneys then present in court representing the defendants had not been employed long prior to that time; neither is it shown wherein the case presented such intricacies of law or fact that any competent attorney could not properly present the defense, even "on short notice." We think the county court very properly overruled the motion for continuance.

After the motion for continuance was overruled, the original information was ascertained to be lost, and the State's attorney moved the court for leave to supply the files, which motion was allowed. The files being supplied, defendants, by their counsel, moved to quash the information, for the reason "that it was not supported by a proper and sufficient affidavit." This motion was overruled. Then they moved to strike the copy from the files, for the reason "that the court had no power to place defendants on their trial upon a copy of the information." This motion was also overruled.

It is insisted, among other things, that the court erred in allowing the copy to be filed without sufficient proof that it was a correct copy of the original. The record fails to show that any objection was made below to the substituted information, on the ground that it was not a true copy or that it was not sufficiently identified as such. The question can not, therefore, arise here. Besides, it is to be presumed, in the absence of proof to the contrary, that the court acted upon satisfactory evidence to identify the copy with the original.

The important question in the case is, whether the county court erred in permitting the information to be supplied, the

original having been lost or destroyed. That the original is to be treated as an information by the State's attorney, and not by the prosecuting witness who made oath to it, is decided in *Gallagher* v. *The People*, 120 Ill. 179. Neither is the affidavit attached to be treated as any part of the information. Conceding that under the sixth section of the Bill of Rights an affidavit was necessary to authorize the issuing of a warrant for the arrest of the defendants, its purpose was served when they were brought into court, which the record shows was done at the August term, 1887. By section 117, chapter 37, of the Revised Statutes, under which the presentment was made, no verification is necessary, except when the information is by a person other than the State's attorney or Attorney General. All that was decided in *Myers* v. *The People*, 67 Ill. 503, as to the necessity of an affidavit in prosecutions on informations in the county court was, that section 5 of the act of 1872 (then in force) should be construed together with section 6 of the Bill of Rights. In that case the complaint sworn to, which was held to be sufficient, was no part of the information, nor was it so treated. Without pausing to consider whether, under the present statute, an affidavit is still necessary to authorize the issuing of process, we think it is clear that this information is to be treated as that of the State's attorney, and its sufficiency, and the power of the court to allow it to be supplied when lost, to be decided without any reference to the affidavit attached to it.

It is uniformly the practice in civil suits, when files are lost or destroyed, to allow them to be supplied, on proper motion. The same practice is generally followed in criminal trials, though it has not always been applied to lost indictments. Bishop, however, says, in his work on Criminal Procedure: "In matter of principle it seems difficult to object to the supplying of the indictment, provided a copy sufficiently exact is at hand, because, though it is found by the grand jury, and not by the court, the order permitting a copy to take the

place of the original is only a recognition by the court, in a way according with the general rules of evidence, of the same fact which it recognizes when the original is used, namely, that the inquest has, by a certain form of words, presented the prisoner for trial before a petit jury ; and since rights are not lost by the loss of records of instruments in writing in other instances, no good reason appears why they should be deemed to be lost in this instance." (Vol. 1, sec. 1215, 2d ed.) The same author, speaking of amendments in criminal practice, says : "In matters of amendments, the information stands on entirely different grounds from an indictment. The public officer by whom the information is presented being always present in court, it may be amended, on his application, to any extent which the judge deems to be consistent with the orderly conduct of judicial business, with the public interest, and with private rights." (Vol. 1, sec. 714.) In *Rex* v. *Wilks*, 4 Burr. 320, quoted from with approval in *Truitt* v. *The People*, 88 Ill. 518, it is said : "Informations are as declarations in the king's suit. An officer of the court has the right of framing them originally, and may, with leave, amend in like manner as any plaintiff may do."

Whether or not, in the absence of statutory provision, a lost indictment can be supplied by copy, there is neither reason nor authority for holding that an information filed by a State's attorney can not. The State's attorney having the independent right, in the first instance, to frame the presentment, and the power, with leave, to amend it, "in like manner as any plaintiff may do," why may he not, as a plaintiff may do in case of a lost or destroyed declaration, supply the files if his information is lost ?

From what has been said, it follows that the motion to quash the information was properly overruled. We see no reason for saying perjury could not have been assigned upon the affidavit of Chezem. The validity of the information, however, in no way depended upon that fact.

It is said, in the argument, that the county court had no jurisdiction to try the case, because of the previous order certifying it to the circuit court. On this point it need only to be said, that no objection to the jurisdiction was urged below.

We find no reversible error in this record. The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*