## William H. Williamson v. Lewis L. Rexroat.

1. STATUTE OF FRAUDS—*What is Not a Contract Within.*—A person levied a distress warrant upon a quantity of corn belonging to his tenant. A son of the tenant, who professed to have bargained for the corn, agreed to deliver to the landlord 2,000 bushels in consideration that the distress proceedings should be dismissed, which was done. In a suit for a failure to deliver the corn, it was held that the agreement was not a promise to pay the debt of another, within the statute of frauds.

2. VARIANCE—*No Ground for a Motion in Arrest.*—A variance between the allegations and the proof, while it may be a ground for a new trial, is not for a motion in arrest.

3. SAME—*Variance, the Question, How Raised.*—Where the proofs do not fit the declaration, the point must be specifically made at the time the proof is offered, so that if the court considers the point well taken, leave to amend may be given.

**Memorandum.**—Assumpsit for a failure to deliver corn. In the Circuit Court of Morgan County; the Hon. CYRUS EPLER, Judge, presiding. Trial by jury; verdict and judgment for plaintiff; defendant appeals. Heard in this court at the November term, 1893, and affirmed. Opinion filed April 28, 1894.

APPELLANT'S BRIEF, OWEN P. THOMPSON, ATTORNEY.

A promise to answer for the debt of another is within the statute of frauds, and must be in writing. Frame v. August, 88 Ill. 483; Hite v. Wells, 17 Ill. 88.

The general rule is that when a declaration is so defective that it will not sustain the judgment, the objection may be

availed of in arrest in the trial court, or on error in the Appellate Court. Wilson v. Myrick, 26 Ill. 35; Schofield v. Settley, 31 Ill. 515; Kipp v. Lichtenstein, 79 Ill. 358; Culver v. Third National Bank, 64 Ill. 532; Smalley v. Edey, 19 Ill. 211; The People v. Spring Valley, 129 Ill. 178.

Appellee's Brief, Herbert G. Whitlock, Attorney.

When the contract was made between Williamson and Rexroat the debt was in fact the debt of appellant and not the debt of his father. Appellant had bought the corn of his father, burdened with the landlord's lien of Rexroat, and if the corn had been disposed of by appellant so that Rexroat could not have seized it under his distress warrant he could have sued appellant and recovered from him the value of the corn sufficient to pay the rents due for the year. Finney v. Harding, 32 Ill. App. 98; Watt v. Schofield, 76 Ill. 261; Prettyman v. Unland, 77 Ill. 206.

Mr. Justice Wall delivered the opinion of the Court.

This was assumpsit by the appellee against appellant for failing to deliver 2,000 bushels of corn. The plaintiff recovered a verdict and judgment thereon for $331.20.

Two points are made by appellant—first, that the contract was to perform the obligation of another, and not being in writing is voidable under the statute of frauds; second, that the court should have arrested the judgment because the declaration is not supported by the proof.

As to the first, it appears that the appellee had levied a distress warrant upon a quantity of corn belonging to John Williamson, who was the tenant of the appellee; and that the appellant, who was the son of the tenant and professed to have bargained for the corn, agreed to deliver to the appellee 2,000 bushels of the corn in cribs on the farm in consideration that the distress proceedings should be dismissed, which was done. For failure by appellant to fully comply with that agreement this suit was brought.

It was not a promise to pay the debt of another but a mere

arrangement to relieve the property of a lien. Neither in terms nor in effect did the arrangement thus made contravene the statute of frauds.

As to the second, a variance between the allegations and the proof is no ground for a motion in arrest, though it might be for a motion for new trial.

No such objection was raised by the motion for new trial. The general allegation that the court admitted improper evidence for the plaintiff will not suffice. The declaration contained a special count alleging a contract to sell and deliver the corn, also the common money counts.

Assuming that the proof made did not fit the declaration the appellant should have made the point, specifically, at the time the proof was offered, and if the court considered it well taken leave would have been given to amend the declaration. The objection comes too late.

The judgment will be affirmed.