### Edson Cross v. The People of the State of Illinois.

1. INDICTMENT— *Signature of State's Attorney.*—The absence of the signature of the state's attorney to an indictment does not render it invalid, and where no motion is made to quash, such an objection comes too late after verdict.

2. CHANGE OF VENUE—*Exceptions Must be Taken in the Court Below.*—The objection and exception to the action of the court upon a motion for a change of venue, must be made in the court below; it comes too late when made for the first time in the Appellate Court.

3. INSTRUCTIONS.—*Definition of a Dram Shop.*—The refusal of the court to instruct the jury as to the definition of a dram shop, is not a prejudicial error.

4. SAME—*Sale of Intoxicating Liquor.*— An instruction which assumes that outside the corporate limits of a city, town or village, a person may lawfully sell intoxicating liquor in quantities of five gallons or upward, regardless of where it is to be drank, is properly refused.

Indictment, for selling liquors. Error to the County Court of Iroquois County; the Hon. CHARLES W. RAYMOND, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed June 18, 1896.

C. H. PAYSON and NELLY B. KESSLER, attorneys for plaintiff in error.

W. F. PIERSON, State's Attorney, for defendant in error.

OPINION PER CURIAM.

This was an indictment for selling liquor without a license. Defendant was convicted upon four counts, fined $200 and sentenced to eighty days confinement in the county jail.

There was a motion in arrest of judgment, on the ground the indictment was not signed by the state's attorney. It is not claimed that the statute requires the indictment to be signed by the state's attorney, but it is, no doubt, the general practice in this State that it should be so signed. In 1 Bish. on Crim. Proc., Sec. 702, it is said, at common law the validity of the indictment comes wholly from the grand jury's finding, and no indorsement by counsel for the government is required. And again, an omission to make the indorsement at the proper time is not necessarily fatal to the indictment, if the means of supplying it are at hand. Ibid., Sec. 704; see also Thomas v. State, 6 Mo. 457.

In Commonwealth v. Stone, 105 Mass. 469, there was a motion to quash the indictment, because not signed by the state's attorney; the court, per Chapman, C. J., say: The usual and proper practice is that the prosecuting officer shall countersign indictments, but there is nothing in the statute requiring it, and we do not think it is indispensable to the validity of the indictment. It has been so held in New Hampshire: State v. Farrar, 41 N. H. 53. The bill is to be found by the grand jury, and therefore the signature of the foreman is necessary. Webster's case, 5 Greenl. 432; State v. Squire, 10 N. H. 558; State v. Freeman, 13 N. H. 488. But the prosecuting attorney acts independently of the grand jury and not as a part of that body. In that case the conviction was affirmed.

In the case at bar no motion to quash appears to have been made, and after verdict we think the objection comes too late. At most the signing by the state's attorney is

but mere matter of form, and Sec. 9, Div. 7, of the Crim. Code expressly provides that all exceptions which go merely to the form of the indictment shall be made before trial, and no motion in arrest shall be allowed for any matter not affecting the real merits of the offense charged in the indictment. There was no error in overruling the motion in arrest.

It is insisted the court erred in overruling defendant's petition for a change of venue. The additional transcript filed, in which is brought before us the action of the trial court upon the application for a change of venue, contains an explicit statement under the hand and seal of the trial judge, in what purports to be a bill of exceptions, that defendant below made no objection and took no exception to the action of the court in denying the application of defendant below for a change of venue. We are bound by the statement of the trial judge, and are precluded from considering objections and alleged exceptions not made in the court below. Gould v. Howe, 127 Ill. 251.

We see no serious objection to the action of the court in refusing instructions. While the court might very properly have instructed the jury as to the definition of a dram shop as asked in the first refused instruction, we can not see how its refusal prejudiced the defendant. The real question before the jury was, whether defendant had sold intoxicating liquors in any quantity, whether more or less than five gallons, to be drunk upon and about the premises when sold. The second, third, fourth, fifth, sixth, seventh and eighth refused instructions assume that outside the corporate limits of an incorporated city, town, or village, a person may lawfully sell intoxicating liquor in quantities of five gallons or upward, regardless of whether they are to be drunk on the premises or not; but such is not the law; and inasmuch as those refused instructions ignored the proposition, they were erroneous and properly refused.

We think the conviction was right and should be affirmed. Judgment affirmed.