## The People of the State of Illinois, Defendant in Error, v. Eugene F. Manns, Plaintiff in Error.

### Gen. No. 13,692.

1. INFORMATIONS—*when charging the obtaining of money by false pretenses insufficient.* A conviction for obtaining money by false pretenses will not be sustained where the information contains no averment that the accused made any pretenses, representations or statements to the party from whom the money was so obtained or anyone else, which were either false or true.

2. AMENDMENTS AND JEOFAILS—*right to authorize amendment of information.* It is within the discretion of the court to permit an information filed in the Criminal Court to be amended.

Prosecution for obtaining money under false pretenses. Error to the Municipal Court of Chicago; the Hon. JOHN R. NEWCOMER, Judge, presiding. Heard in this court at the March term, 1908. Reversed. Opinion filed February 15, 1909.

J. GRAY LUCAS, for plaintiff in error.

JOHN J. HEALY and CLIFFORD G. ROE, defendants in error.

MR. JUSTICE HOLDOM delivered the opinion of the court.

Eugene F. Manns, plaintiff in error, was fined in the Municipal Court in the sum of $200, with costs, under a charge contained in the following amended information:

"John Merriweather, a resident of the city of Chicago, in the State aforesaid, in his own proper person comes now here into court and in the name and by the authority of the People of the State of Illinois gives the court to be informed and understand that Eugene Manns, late of the said City of Chicago, heretofore, to-wit, on the 28th day of January, A. D. 1907, at the City of Chicago aforesaid, did unlawfully, designedly, falsely and with intent to defraud John Merriweather, that he, the said Eugene F. Manns, was the owner of a certain lunch wagon which he would sell for $230. And that said lunch wagon was clear of all encumbrances and agreed to deliver said wagon at once on payment of $50 and the balance secured by eighteen notes, and being deceived thereby was induced by means thereof to pay over and deliver to the said Eugene F. Manns the sum of $50, when, in truth and in fact, said pretenses were false, and that the defendant, Eugene F. Manns, well knew they were false, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the People of the State of Illinois.

JOHN MERRIWEATHER."

From the imposition of this fine and a judgment for costs Manns prosecutes this writ of error, seeking a reversal. Several assignments of error appear upon the record, and eight reasons for reversal are argued. We will, however, rest content by deciding two of the points made.

The charge was evidently intended to be "obtaining money by false pretenses."

The Municipal Court permitted the original information to be amended by substituting in its place the amended information *supra.* It is contended that the information could no more be amended than an indictment, and consequently the court erred in allowing the amendment. This contention is without force, for the converse of the proposition is the law. Many authorities so hold. However, Long v. People, 135 Ill. 435, states the rule which controls and marks the distinction between the right to amend an information, but not an indictment. The rule, which has never been varied in this jurisdiction, is thus stated in the Long case *supra:* "In matters of amendment, an information stands on entirely different grounds from an indictment. The officer by whom the information is presented being always in court, it may be amended upon his application, to any extent which the judge deems to be consistent with orderly conduct of judicial business, with public interest and with private rights. The state's attorney having the independent right in the first instance to frame the presentment and the power, with leave, to amend it, in like manner as any plaintiff may do." And so in prosecutions commenced by affidavit, the affidavit is amendable, with like leave of the court. Truitt v. People, 88 Ill. 518.

An examination of the amended information discloses that no offense is imputable from the language used. It utterly fails to support the contention that the amended information charges that Manns obtained money from John Merriweather by false pretenses— the offense for which he was convicted and penalized. There is no averment that Manns made any pretenses, representations or statements to Merriweather, or any one else, which were either false or true. To contend to the contrary is a bald assumption, which finds no support in the document itself.

The difficulty is of the State's own creation. The

State's official who drafted the amended information carelessly omitted to insert the word "represented" between the words "Merriweather" and "that" in the tenth line of the amended information as printed in the Abstract. Simple as it may seem, the omission of that one word destroys the meaning of the whole sentence intended to constitute the charge for which the arrest of Manns was sought, without which it is meaningless, and has no force in law as charging a crime or anything else. The fatally faulty condition of the amended information under which Manns was convicted makes it unnecessary to consider any of the other questions in dispute. The insufficiency of the amended information to support a conviction could be taken advantage of either in a motion in arrest of judgment or in this court on writ of error. This is so elementary in its nature that we refrain from citing supporting authority.

As the amended information charges no offense, the judgment of conviction of Manns thereunder by the Municipal Court is reversed.

*Reversed.*