George and Emma Firminich, Defendants in Error, v. Thomas Burdine et al., Plaintiffs in Error.

Gen. No. 15,249.

1. FORCIBLE ENTRY AND DETAINER—*what omission does not affect sufficiency of complaint.* The omission of the word "is" before the words "entitled to possession" in the complaint in forcible detainer is not material and does not affect the validity of the judgment rendered in such an action.

2. FORCIBLE ENTRY AND DETAINER—*when misprision of clerk in*

*entering judgment will not reverse.* If as written by the clerk a judgment in forcible detainer appears to have been entered one year later than it actually was, the error is immaterial and does not affect the validity of the judgment.

Assumpsit. Error to Municipal Court of Chicago; the Hon. W. W. MAXWELL, Judge, presiding. Heard in this court at the March term, 1909. Affirmed. Opinion filed June 30, 1910.

J. GRAY LUCAS, for plaintiffs in error.

ALLEN G. MILLS, for defendants in error.

MR. JUSTICE FREEMAN delivered the opinion of the court.

Plaintiffs, defendants in error here, filed in the Municipal Court a complaint as follows: "George and Emma Firminich complain to the Municipal Court of Chicago that ―he―, the said George and Emma Firminich, entitled to the possession of the following described premises in said County, to-wit, Room 505, Firminich Building, northeast corner Washington street and Fifth avenue, Chicago, Illinois, and that Thomas Burdine and J. Gray Lucas, unlawfully withholds the possession thereof from the said George and Emma Firminich."

The statement of claim is as follows: "Plaintiffs' claim is for rent covering the following period; for a portion of the month of November and for the month of December, 1908, and for possession of the following premises:" describing them, as mentioned in the complaint. A summons was issued in due form, summoning defendants to answer to plaintiffs in a claim for rent in the sum of $42.50, and wherefore they unlawfully withhold from plaintiffs the possession of the said premises, which are again described. The defendants did not appear and judgment by default was entered for possession of the premises described in the complaint, a writ of restitution was ordered to issue, and judgment given for the amount of rent sued for.

It is claimed that the judgment based upon the complaint is void because of the omission in the complaint of the word

"is" before the words "entitled to possession:" The complaint sets forth that the plaintiffs are persons "entitled to the possession" of the premises described, and it cannot be construed otherwise. The omission of the word "is," or grammatically in this case "are," does not obscure or otherwise affect the clear meaning of the complaint, which sufficiently complies with the statute. The case of People v. Manns, 146 Ill. App. 571, cited by defendants, is not in point. The omission of the word "represented" in that case left the amended information fatally defective and meaningless. The omission here objected to has no such effect. The complaint is in accord with the requirements of the forcible entry and detainer Act. R. S. chap. 57, sec. 5.

It is objected that the judgment purports to have been entered a year later than it apparently was, that is in 1909 instead of 1908. This is a mere clerical error, due apparently to the carelessness of the clerk of the Municipal Court who wrote up the record, and not to any fault of the plaintiffs. It would be absurd to set aside this judgment on any such ground where, as here, from the whole record the correct date of entry of judgment can readily be ascertained.

The court found the defendants guilty of unlawfully withholding possession from the plaintiffs, who were lawfully entitled thereto. There is no defense on the merits, no bill of exceptions, and there are none but technical objections urged to the judgment. It will be affirmed.

*Affirmed.*