# People of the State of Illinois, Defendant in Error, v. Henry Pearman, Plaintiff in Error.

## Gen. No. 16,693.

1. CRIMINAL LAW—*how record of conviction to be construed.* In criminal as well as in civil cases all parts of the record are to be interpreted together so as to give effect to all, and an apparent deficiency in one place may be supplied by what appears in another.

2. ASSAULT—*when judgment of conviction sufficient. Held*, under the record that the judgment of conviction in this case was sufficient when the entire record was considered.

Error to the Municipal Court of Chicago; the HON. HOSEA WELLS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed April 19, 1912.

W. G. ANDERSON, for plaintiff in error.

JOHN E. W. WAYMAN, for defendant in error; ZACH HOFHEIMER, of counsel.

MR. PRESIDING JUSTICE BALDWIN delivered the opinion of the court.

This writ of error challenges the sufficiency of a judgment imposing a punishment of eight months in the House of Correction. A determination of the question involved necessitates an examination of the whole record.

It appears that on the 3rd day of January, 1910, a criminal information, consisting of one count, was filed against plaintiff in error, charging that on January 1, 1910, in the county of Cook and state of Illinois, he "did then and there, with a certain instrument, commonly called a revolver, said revolver being a dangerous and deadly weapon, without any considerable provocation whatever, and under circumstances showing an abandoned and malignant heart, unlawfully, wilfully and maliciously make an assault in and upon one John A. Rivers, with intent then and there to inflict upon the person of said John A. Rivers, a bodily injury," etc.

On the same day Pearman signed and filed a written waiver of a jury trial. Subsequently and on April 14, 1910, he pleaded not guilty. A trial was then had before the court, without a jury, and the order of court recites that the court "finds the defendant guilty, in manner and form as charged in the information herein."

In the judgment order it is recited "that said defendant, Henry Pearman, is guilty of the criminal offense of assault with a deadly weapon with an intent to inflict a bodily injury, on said finding of guilty."

It is conceded that the information is sufficient, and

other proceedings are regular, but we are asked to reverse the judgment and sentence because the recitals in the judgment order fail to include the words, "where no considerable provocation appears, or the circumstances of the assault show an abandoned and malignant heart."

It has long been the law that in criminal, as well as in civil cases, all parts of the record are to be interpreted together so as to give effect to all, and an apparent deficiency in one place may be supplied by what appears in another. The People v. Murphy, 188 Ill. 144; Pointer v. United States, 151 U. S. 396.

Indeed, in cases cited by plaintiff in error, it is said: "A verdict must be responsive to the issue and must contain, either in itself or by reference to the indictent, every material fact constituting the crime." Hix v. People, 157 Ill. 382.

In the case at bar the one count of the information concededly charged the offense in apt language. Upon Pearman's plea of not guilty being entered, an issue was formed and upon this issue the court, having heard the evidence, "finds the defendant guilty, in manner and form as charged in the information herein." * * * ·By reference to the information, which consisted of only one count, "every material fact constituting the crime" as required in Hix v. People, *supra,* was made certain.

The other cases cited by counsel for plaintiff in error are clearly distinguishable from the case at bar.

It is not contended here that plaintiff in error is innocent of the crime charged, nor that the sentence of the court was excessive,—nor that he has been denied any substantial right. Even if it were technical error (which we do not concede), that the state failed to see to it that the judgment order recited all the particulars of the offense charged when they already are fully and accurately disclosed by the rec-

ord, it is such error as has not resulted in any injury to the plaintiff in error.

The judgment of the court below will be affirmed.

*Judgment affirmed.*