# People of the State of Illinois, Defendant in Error, v. Robert Hummel, Plaintiff in Error.

## Gen. No. 16,867.

ASSAULT—*when judgment of conviction sufficient.* A judgment of conviction in a prosecution for assault with a deadly weapon, etc., is sufficient notwithstanding it does not find or state that the assault was made where no considerable provocation appeared, or under circumstances showing an abandoned and malignant heart.

Error to the Municipal Court of Chicago; the HON. HUGH R. STEWART, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed April 19, 1912.

J. GRAY LUCAS, for plaintiff in error.

JOHN E. W. WAYMAN, for defendant in error; ZACH HOFHEIMER, of counsel.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

An information was filed in the municipal court of Chicago, charging the plaintiff in error with assault with a deadly weapon with intent to do bodily injury, etc. A jury was waived by the plaintiff in error, and the court on the trial found the plaintiff in error guilty and pronounced sentence upon him. It is sought by this writ of error to reverse the judgment, (1) for insufficiency of the jury waiver; and (2) because there is no valid and sufficient judgment.

There is no bill of exceptions preserving the evidence in the record. No motion for new trial, or in arrest of judgment, or to set aside the judgment was made.

In our opinion the instrument waiving the right to a trial by jury is in due form, and having been filed in the cause is in full compliance with the statute.

The information is in one count, and is conceded to be sufficient. It charges the offense in the language of the statute. The contention is that the judgment is insufficient because it does not find or state that the assault was made where no considerable provocation appeared, or under circumstances showing an abandoned and malignant heart.

In our opinion the judgment is sufficient. In People v. Murphy, 188 Ill. 140, the sentence does not mention murder or other crime, and it was held to be a good judgment, the court saying at page 148: "It is, however, well settled 'that all parts of the record are to be interpreted together, effect being given to all, if possible, and a deficiency at one place may be supplied by what appears in another.' I Bishop on Crim. Proc. Secs. 1347, 1348."

In Pointer v. United States, 151 U. S. 396, cited in the above case, the court held the objection here made to be technical rather than substantial, and that the record showed everything necessary to justify the punishment inflicted. This is true in this case.

The judgment is affirmed.

*Affirmed.*