## The People of the State of Illinois, Defendant in Error, v. Thomas England, Jr., Plaintiff in Error.

### Gen. No. 16,390.

1. MUNICIPAL COURT—*when preliminaries essential to filing information waived.* By appearing and submitting to trial any preliminaries essential to the proper filing of an information are waived.

2. MUNICIPAL COURT—*when defects in information are waived.* A defendant waives defects in an information by failing to make a motion to quash.

3. MUNICIPAL COURT—*when has jurisdiction of criminal offense.* The Municipal Court has jurisdiction of the offense of pandering, the same being punishable by either fine or imprisonment in the county jail or both.

Error to the Municipal Court of Chicago; the HON. HUGH R. STEWART, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed April 19, 1912.

W. G. ANDERSON, for plaintiff in error.

JOHN E. W. WAYMAN, for defendant in error; OTTO B. SCHRAM, of counsel.

MR. JUSTICE CLARK delivered the opinion of the court. The plaintiff in error, Thomas England, Jr., was convicted of pandering. A jury was waived and the

court found him guilty of the charge and imposed upon him a fine of $600, with confinement in the county jail for one year.

The first point urged for reversal by the plaintiff in error is that section 27 of the Municipal Court Act was not complied with; that as the information was presented by a person other than the attorney general or state's attorney, it was necessary that one of the judges of the Municipal Court examine the information and examine the person presenting the same, and require other evidence, and satisfy himself that there was probable cause for filing the same. This point was undoubtedly waived by the defendant by his appearance and the submission of his case to trial by the court without a jury. The record shows also that the information was presented to a judge of the court, and on a motion made that leave be granted to file it, that the judge examined the information and the person presenting the same, and heard evidence thereon; that he became satisfied that there was probable cause for filing the same, and so endorsed it. The statute, we think, was complied with.

The second point is that the information charged no offense and that it was repugnant to and at variance with the finding of the court. The information alleges that the plaintiff in error did "procure, persuade and encourage a female inmate, to-wit Marie Thiel, for a house of prostitution." The language of the statute is "who shall procure a female inmate for a house of prostitution." No motion to quash the information was made, and if it be admitted that the information was defective, it did not affect the real merits of the offense. Section 9, Division XI of the Criminal Code (Chapter 38), provides that all exceptions which go merely to the form of an indictment shall be made before trial, and no motion for arrest of judgment or writ of error shall be sustained for any matter not affecting the real merits of the offense charged in the

indictment. We see no reason to reverse the finding of the court for the alleged error in the information. Bruen v. People, 206 Ill. 417; McKevitt v. People, 208 Ill. 460.

The third ground urged upon us for a reversal of the case is that the Municipal Court did not have jurisdiction. In The People v. Glowacki, 236 Ill. 612, after discussing the constitutional question at considerable length, the court held that the Municipal Court of Chicago has jurisdiction to try, on information, all violations of criminal laws punishable by fine or by imprisonment otherwise than in the penitentiary, or by both fine and such imprisonment. If the offense is one that may be punished either by fine or by imprisonment in the penitentiary, or both by fine and imprisonment in the penitentiary, then it can only be prosecuted under an indictment. The act making pandering an offense provides for either a fine or imprisonment in the county jail, or both. It does not provide for imprisonment in the penitentiary. The Municipal Court undoubtedly had jurisdiction, and the judgment of conviction must be affirmed.

*Affirmed.*