# The People of the State of Illinois, Defendant in Error, v. J. F. Boyd, Plaintiff in Error.

## Gen. No. 16,873.

1. INFORMATIONS—*when lack of endorsement does not affect validity.*
A defendant after being arrested, appearing, giving bail, waiving trial by jury, etc., cannot question the validity of the information upon the ground that it lacks endorsement by a judge of the municipal court, as provided by statute.

2. VARIANCE—*when objection comes too late.* In a criminal case an objection of variance comes too late if first raised on appeal.

Error to the Municipal Court of Chicago; the HON. JOHN W. HOUSTON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed May 23, 1912.

S. A. McELWEE and ARTHUR H. SIMMS, for plaintiff in error.

JOHN E. W. WAYMAN, for defendant in error; ZACH HOFHEIMER, of counsel.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

On August 5, 1910, an information was filed in the Municipal Court of Chicago, charging that J. F. Boyd, on August 3, 1910, at Chicago, Illinois, "unlawfully and unjustly for his own gain and to prevent the owner from again possessing its property, did buy, receive and aid in concealing 20 lbs. sugar, one can lard, of the value of three dollars of the personal goods, property and chattels of The Lake Shore & Michigan Railroad, the same being a corporation, said goods, property and chattels having been lately before then wrongfully and unlawfully stolen, taken and carried away from the said corporation by a certain evil disposed person or persons, the said J. F. Boyd then and there well knowing the personal goods, property and chattels to have been unlawfully stolen, taken and carried away, contrary to the statute," etc. The information was signed by E. J. Heptig and was sworn to by him. It does not appear on its face to have been endorsed by one of the judges of the Municipal Court as by statute provided. From an order entered of record on said day it appears that the information was presented to the presiding judge of said court, and that, said judge having examined the same and the person presenting the same, and being satisfied that there was probable cause for filing the same, and "said judge having so endorsed the same," it was ordered that the information be filed and that a capias be issued. A capias was issued, Boyd was arrested, appeared in court, in person and by counsel, and gave bail. Subsequently Boyd, on being arraigned, pleaded not guilty and waived a trial by jury, and the cause was submitted to the court for trial without a jury, and after a hearing the court found him guilty in man-

ner and form as charged in the information, and he was adjudged guilty of the criminal offense of receiving stolen property. The usual motions for a new trial and in arrest of judgment were made and overruled, and Boyd was sentenced to confinement in the county jail for one hour and also to pay a fine of $25, together with the costs of the suit. To reverse the judgment Boyd sued out this writ of error, and, pending the determination of the same, was admitted to bail.

The facts of the case are, substantially, that on August 3, 1910, about 7:30 o'clock A. M., E. J. Heptig, a special detective for The Lake Shore & Michigan Southern Railway Company, saw someone push a package from the platform of the dining car of one of the company's trains; that the train was on its way from the La Salle Street station to the company's yards, and at the time had stopped near 25th street, in Chicago; that Heptig saw Boyd pick up said package and he immediately approached Boyd and asked him why he did so; that Boyd told Heptig that he expected a friend to bring a package of fish to Chicago from some eastern point on that train and that he had been waiting there to get it and thought that the package contained the fish; that Heptig then took Boyd to the office of the superintendent of the company, where Boyd stated that Walter Washington was the person who he expected would bring the fish; that upon examination it was found that the package contained two five pound packages of sugar and a five pound pail of lard; that subsequently Washington was questioned and he stated that he had bought the package in Buffalo, New York, and that the man from whom he purchased it had brought it to the train to be delivered to another party, and that in the absence of the party for whom it was intended it was offered to Washington and he bought it; that Washington had promised to buy some fish in Buffalo and bring it to Chicago for

Boyd and that Boyd was to meet him at the point where the package was pushed from the train for the purpose of getting the package; that Boyd was a chef on one of the dining cars of the railway company and that he and Washington alternated in their services in that capacity on said car, and that the value of the property so found in Boyd's possession was about $1.25.

It further appeared from the testimony of the superintendent of the dining car service of the company that the package containing said pail of lard and the packages containing said sugar were similar to the style of packages used exclusively by the company; that the articles were of the same brand as was used exclusively by said company, but that there was no mark on said property by which he could certify to its being the property of the company. Both Boyd and Washington testified on the trial, but it is unnecessary here to mention in detail their testimony. Suffice it to say that, in our opinion, the entire evidence supports the charge contained in the information and also supports the finding and judgment of the court.

It is contended by counsel for Boyd that the information is insufficient to support the judgment because on its face it does not appear to have been endorsed by a judge of the Municipal Court as provided by statute. In our opinion, this contention is without merit in this court. Boyd, after being arrested, appeared in court, gave bail, waived a trial by jury and submitted his cause to the court without raising the question by motion to quash or otherwise, and from the bill of exceptions it appears that the objection to the information on the ground above stated was not raised until after the motion for a new trial had been argued and overruled. Sec. 411, Chap. 38, Rev. Stat. Ill., provides: "All exceptions which go merely to the form of an indictment, shall be made before trial, and no motion in arrest of judgment, or writ of error, shall

be sustained, for any matter not affecting the real merits of the offense charged in the indictment.'' We think the objection was made too late. Cross v. People, 66 Ill. App. 170; Winship v. People, 51 Ill. 296; People v. Zlotincke, 152 Ill. App. 363, 371; 246 Ill. 185.

It is further contended by counsel for Boyd that the judgment should be reversed because in the information the name of the owner of the property is given as ''The Lake Shore & Michigan Railroad,'' while the evidence disclosed that the property was owned by ''The Lake Shore & Michigan Southern Railway Company.'' We do not think the judgment should be reversed on this ground. Boyd, having failed in any manner or at any time to make this objection in the trial court, cannot now raise it for the first time in this court. Cross v. People, 47 Ill. 152, 157; Williamson v. Rexroat, 55 Ill. App. 116; Brannan v. Strauss, 75 Ill. 234; People v. Smith, 144 Ill. App. 129. If the objection had been raised in the trial court the information could have been amended. Truitt v. People, 88 Ill. 518; Long v. People, 135 Ill. 435; People v. Manns, 146 Ill. App. 571, 573.

The judgment of the Municipal Court is affirmed.

*Affirmed.*