## The People of the State of Illinois, Defendant in Error, v. A. B. Greenberg, Plaintiff in Error.

### Gen. No. 16,891.

1. INDICTMENT AND INFORMATION—*duplicity.* The objection that an information charges two distinct offenses, that of procuring a place as inmate in a house of prostitution for a female person and causing, inducing, etc., such person to become an inmate, cannot be first urged on appeal.

2. PANDERING—*information.* An information charging pandering is not fatally defective as not alleging that the subject of the offense was a "female person," if such fact clearly appears from the rest of the information.

4. PANDERING—*information.* An information charging pandering is sufficient as being substantially in the language of the statute although it does not allege that the causing and inducing was by promises, threats, etc.

5. INFORMATION—*endorsement.* An information is not insufficient because the endorsement of the judge thereon does not show that the person presenting the same was examined as required by sec. 27 of the Municipal Court Act where such fact does appear from the order of the court directing the filing of such information.

Error to the Municipal Court of Chicago; the Hon. EDWARD A. DICKER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed October 3, 1912.

W. G. ANDERSON, for plaintiff in error; G. H. SUGRUE, of counsel.

JOHN E. W. WAYMAN, for defendant in error; ZACK HOFHEIMER, of counsel.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

On May 3, 1910, William P. Swain presented to one of the judges of the Municipal Court of Chicago an information against A. B. Greenberg, plaintiff in error and hereinafter called defendant, charging the offense of pandering, and asked leave to file the information.

Such leave was granted, a *capias* was issued and served upon the defendant,. and upon his failing to give bail he was committed to jail. The order of the court granting leave to file sets forth that the judge examined the information and the person presenting the same, heard evidence thereon and was satisfied that there was probable cause for filing the same and so endorsed the same. It further appears from the transcript of the record that defendant executed a waiver in writing of a trial by jury, which was filed, and agreed to a trial by the court. The information was signed and sworn to by said Swain and informed the court that,

"A. B. Greenburg, late of the city of Chicago, heretofore, to-wit, on the 30th day of April, A. D. 1910, in the city of Chicago, aforesaid, did procure a place as an inmate in a certain house of prostitution in the city of Chicago in said county and state aforesaid, commonly known and described as 9166 Harbor avenue, a certain female person known as Anne Wagner. The said A. B. Greenberg did cause, induce, persuade and encourage the said Anne Wagner to become an inmate of said house of prostitution, contrary to the form of statute, * * * and against the peace and dignity," etc.

The following endorsement by the judge appears on said information:

"I have examined the above information and am satisfied that there is probable cause for filing same and leave is hereby given to file it. It is ordered that an instanter *capias* issue against the accused. Bail fixed at $1,000."

The defendant upon being arraigned, pleaded not guilty, and, after two postponements of the hearing on defendant's motion, a trial was had on May 20, 1910, resulting in the court finding the defendant guilty "in manner and form as charged in the information," upon which verdict the court adjudged "that said defendant, A. B. Greenberg, is guilty of the criminal offense

of causing, inducing, persuading and encouraging one Anna Wagner to become an inmate of a house of prostitution, on said finding of guilty,'' and further adjudged that he be sentenced to the House of Correction for six months, and to pay a fine of $300, and costs of suit, taxed at $24, and that execution issue against the defendant for the amount of said fine and costs. This writ of error is prosecuted to reverse the judgment. No bill of exceptions is found in the transcript of the record.

A portion of Section 57g of Chapter 38 of the Illinois statutes (Hurd's Stat., 1909), defining the offense of pandering, is as follows:

''Any person who shall procure a female inmate for a house of prostitution or who, by promises, threats, violence or by any device or scheme, shall cause, induce, persuade or encourage a female person to become an inmate of a house of prostitution, or shall procure a place as inmate in a house of prostitution for a female person, or    *    *    *,  shall be guilty of pandering, and upon a first conviction for an offense under this act shall be punished by imprisonment in the county jail or house of correction for a period of not less than six months nor more than one year and by a fine of not less than three hundred dollars and not to exceed one thousand dollars,    *    *    *.''

It is first contended by counsel for defendant that the information is substantially defective in that it charges two distinct offenses mentioned, among others, in the statute, viz.: (a) procuring a place as inmate in a house of prostitution for a female person, known as Anne Wagner, and (b) causing, inducing, etc., Anne Wagner to become such an inmate. This contention cannot be made for the first time in this court. It does not appear that the sufficiency of the information was at any time or for any reason challenged in the trial court by motion to quash or in any manner. Had its sufficiency been there challenged, the information could have been amended. Truitt v. People, 88 Ill. 518;

Long v. People, 135 Ill. 435; People v. Manns, 146 Ill. App. 571, 573. Section 9, Division XI, of Chapter 38, Rev. Stat. Ill., provides: "All exceptions which go merely to the form of the indictment, shall be made before trial, and no motion in arrest of judgment, or writ of error, shall be sustained, for any matter not affecting the real merits of the offense charged in an indictment." In Joyce on Indictments, Sec. 392, it is said: "When two or more independent offenses are joined in the same count it will be bad for duplicity. * * * The defect * * * has been held to be a mere defect of form which is cured by verdict." Citing State v. Fox, 148 Mo. 517. It is said in Bishop's New Criminal Procedure, Section 442: "Since the rule against duplicity stands in the law as a privilege to defendants, they may waive it. * * * After verdict, if the defendant did not object before, it has been demonstrated that the duplicity did him no harm; and by being silent when, if ever, he must have felt the hurt, he has waived all right to complain." In People v. Jacobson, 247 Ill. 394, an information was filed against Jacobson charging him with persuading a female (naming her) to enter a house of prostitution. An amended information was filed charging that Jacobson procured the person named in the first count, and another (naming her) as female inmates of another house of prostitution. Jacobson was arraigned and pleaded not guilty to both the amended and original informations, and a verdict of guilty "in manner and form as charged in the information filed herein" was returned. The court says (p. 297):

"It is finally urged that the plaintiff (in error) was tried at one time for two separate offenses, and that this was in violation of Section 9 of the bill of rights, * * *. Whether the defendant might have objected to going to trial on both the original and amended informations on other than constitutional grounds, is not presented to us and is not decided. He went to trial without objection and made no motion at any

time to require the prosecutor to elect. There is no bill of exceptions in the record, and so far as appears no evidence of more than one offense was heard."

It is next contended that the information is fatally defective in that the latter clause of the information, wherein the defendant is charged with causing, inducing, etc., "the' said Anne Wagner to become an inmate," etc., does not allege that she is a "female person." This clause contains the language "the said Anne Wagner," and in the clause immediately above is the language "a certain female person known as Anne Wagner." In our opinion the contention is without merit.

It is further contended, inasmuch as the court found the defendant guilty "in manner and form as charged in the information," and inasmuch as the court adjudged the defendant guilty of "causing, inducing, etc., Anne Wagner to become an inmate of a house of prostitution," that the judgment of the court must have been based upon the latter clause of the information; that that clause of the information does not charge the offense in the language of the statute; that the offense as charged appears to be laid under the second clause of the statute which provides that any person who, "by promises, threats, violence or by any device or scheme, shall cause, induce," etc., a female person to become an inmate, etc., shall be guilty of pandering; that no mention is made in said clause of the information that the causing and inducing was by "promises, threats," etc., and that, therefore, the judgment is not based upon a sufficient information. We cannot agree with counsel. We think that the gravamen of the offense, mentioned in said second clause of the statute, is the causing, inducing, etc., a female person to become an inmate of a house of prostitution, and that the offense charged in said clause of the information was sufficient. It was substantially in the language of the statute and from it the charge,

which the defendant was called upon to meet, could be easily understood by him and by the court or jury. Sec. 6, Div. XI, Chap. 38, Rev. Stat.; Glover v. People, 204 Ill. 170; People v. Scattura, 238 Ill. 313. The offense was set forth with "reasonable certainty." (Sec. 27 Municipal Court Act.)

It is further contended that the information is insufficient to support the judgment in that the endorsement of the judge thereon does not show that the court examined the person presenting the information, as required by Section 27 the Municipal Court Act. While the endorsement of the judge on the information does not show that he examined such person, the order of the court, entered at the time the information was directed to be filed, does show that fact. Furthermore, the objection is raised in this court for the first time. No such objection was made at any time in the court below.

For the reasons indicated the judgment of the Municipal Court of Chicago is affirmed.

*Affirmed.*