## The People of the State of Illinois, Defendant in Error, v. Edward Conboy, Plaintiff in Error.

### Gen. No. 18,692.

1. Information—*waiver of defects.* Where an information is not signed by the informer, and the accompanying affidavit is signed, if its sufficiency is not challenged by a motion to quash, the formal defect is waived.

2. Criminal law—*sentence to house of correction.* Independent of agreement between the County of Cook and the City of Chicago, a sentence to the house of correction of the city is authorized by statute.

3. Criminal law—*judgment order—errors.* Where an information charges an offense substantially in the language of the statute, and the defendant is found guilty in manner and form as charged, mere grammatical and clerical errors in the judgment order will not invalidate it.

Error to the Municipal Court of Chicago; the Hon. Isidore H. Himes, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed March 6, 1913.

Charles J. Herman, for plaintiff in error.

Maclay Hoyne, for defendant in error; Zach Hofheimer, of counsel.

Mr. Presiding Justice Gridley delivered the opinion of the court.

On June 17, 1912, an information was filed in the Municipal Court of Chicago, informing the court that Edward Conboy, plaintiff in error and hereinafter referred to as defendant, on June 15, 1912, at Chicago, "did then and there with a certain instrument commonly called a rock, said rock being a dangerous and deadly weapon, without any considerable provocation whatever, and under circumstances showing an abandoned and malignant heart, unlawfully, wilfully and maliciously make an assault in and upon one J. M. Dimick, with intent then and there to inflict upon

the person of said J. M. Dimick a bodily injury, contrary to the statute," etc. The instrument was not signed, but immediately underneath the line where the informer's signature would ordinarily be written was an affidavit, signed by John M. Dimick, stating that "he has read the foregoing information by h—— subscribed and knows the contents thereof and that said information and the matters and things therein stated are true."

The record discloses that upon the filing of the information a *capias* was issued and the defendant arrested. He waived a trial by jury, pleaded not guilty, and upon a hearing, at which he was present and represented by counsel, the court found him guilty in manner and form as charged in the information, and the court adjudged him "guilty of the criminal offense of wilfully and malicious assault with a deadly weopan without any considerable provication and under circumstances showing an abonded and malignant heart and with intent then and there to inflict a bodily injury on said finding of guilty." The record further discloses that "it appearing to the court that there is an agreement existing between the County of Cook and the City of Chicago, in said county, to receive and keep in the house of correction in said city all persons who may be sentenced or committed thereto by this court, it is  *  *  *  ordered  *  *  *  that said defendant, Edward Conboy, because of said judgment of guilty, be and he is hereby sentenced to confinement at labor in said house of correction of the City of Chicago,  *  *  *  for the term of three months,  *  *  *  and that said defendant  *  *  *  be further sentenced to pay  *  *  *  a fine in the sum of five dollars and also the costs of this suit taxed at nine dollars," etc. Defendant seeks by this writ of error to reverse the judgment.

It is first contended by counsel for defendant that the judgment is erroneous because the information is defective, the same not being signed by the informer. We think that the contention is without merit. While

the information was not signed, the affidavit accompanying the same was signed by Dimick. It does not appear that the sufficiency of the information was at any time or for any reason challenged in the lower court by motion to quash or in any manner. Had its sufficiency been there challenged the information could have been amended. Truitt v. People, 88 Ill. 518; Long v. People, 135 Ill. 435; People v. Greenberg, 172 Ill. App. 360. The formal defect was waived. People v. Greenberg, *supra*.

It is next contended that because of the recital, above mentioned, in the order of the court sentencing the defendant, as to an agreement existing between the County of Cook and the City of Chicago, and because no such contract was introduced in evidence, there is no foundation for the recital or finding by the court, and that the ''sentence'' is without warrant of law and that, therefore, the ''judgment'' should be reversed. It does not appear from the record before us what evidence was introduced before the court. Furthermore, the sentence to the house of correction is authorized by statute. Hurd's Rev. Stat. 1911, chap. 38, secs. 168a, 168b, 448.

It is lastly contended that the judgment should be reversed because the judgment order is ''a jumble of strange and meaningless terms.'' While several of the words in the order are misspelled, and a comma after the word ''injury'' is lacking, we think its meaning is plain, when read in connection with other parts of the record. The information charged the offense of an assault with a deadly weapon substantially in the language of the statute, and the court found the defendant guilty in manner and form as charged in the information. We are of the opinion that the judgment order is sufficient (People v. Murphy, 188 Ill. 144; People v. Pearman, 169 Ill. App. 543; People v. Hummel, 170 Ill. App. 571), and the judgment is affirmed.

*Affirmed.*