## The People of the State of Illinois, Defendant in Error, v. Tony Perca, Plaintiff in Error.

### Gen. No. 19,132.

1. CRIMINAL LAW—*when defects in information are waived.* Defects in an information that do not go to the real merits of the case on the question of the guilt or innocence of the accused are considered waived after judgment, when the sufficiency of the information is not questioned in the trial court.

2. INDICTMENTS AND INFORMATIONS—*when defects may be cured.* Defects in an information which do not go to the merits of the question of guilt or innocence may be cured by amendment at the trial.

3. CRIMINAL LAW—*where information is not verified.* Where an information charging defendant with a misdemeanor is not verified and no objection is made at the trial, the defect is waived.

4. CRIMINAL LAW—*failure to comply with section 27 of the Municipal Court Act.* An irregularity in filing an information without complying with section 27 of the Municipal Court Act is held to be waived when raised after trial and judgment.

Error to the Municipal Court of Chicago; the HON. JOHN A. MAHONEY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed June 30, 1913.

BENJAMIN E. COHEN and WILLIAM A. CUNNEA, for plaintiff in error; H. J. ROSENBERG, of counsel.

MACLAY HOYNE, for defendant in error; ZACH HOF-HEIMER, of counsel.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

The record in this case shows that on December 16, 1912, one Benjamin Cohen presented to one of the judges of the Municipal Court an information charging plaintiff in error with a misdemeanor; that such judge examined the information and the person presenting the same and heard evidence theron and being satisfied that there was a probable cause for filing the same ordered that leave be granted to file it. The information so presented and to file which leave was granted was signed by Jeremiah Kennelly. The usual blank oath to be filled out and signed by the informant was not filled out or signed, but the jurat below it was filled out and signed by the judge who granted leave to file the information. A criminal *capias* was then issued and plaintiff in error was brought into court and entered into a recognizance in the usual form. The case was once postponed on the motion of plaintiff in error and once by his consent. Plaintiff in error pleaded not guilty and filed his written waiver of trial by jury and his consent that the cause be submitted to the court for trial without a jury. The cause was tried on December 31, 1912, resulting in a finding that plaintiff in error was guilty as charged in the information. No motion to set aside the finding or for a new trial or in arrest of judgment was made and sentence was pronounced on the finding. The sufficiency or formality of the information was in no way challenged in the Municipal Court.

This cause is brought here by writ of error. The reasons urged why the judgment should be reversed are, *first,* that leave to file the information was not

given to Kennelly who signed the information; and, *second,* that the information was not verified by any one. The defects pointed out do not go to the merits of the question of the guilt or innocence of plaintiff in error. If the same had been called to the attention of the court or the state before or at the trial the information could have been amended and the defects cured. *Long v. People,* 135 Ill. 435; *Truitt v. People,* 88 Ill. 518.

Defects in an information that do not go to the real merits of the case on the question of the guilt or innocence of the accused are considered waived after judgment, when the sufficiency of the information is not questioned in the trial court. *People v. Greenberg,* 172 Ill. App. 360; *People v. Conboy,* 178 Ill. App. 90; *People v. Zlotincke,* 152 Ill. App. 363; *People v. England,* 170 Ill. App. 587; *U. S. v. Smith,* 17 Fed. 510; *Aderhold v. Mayor of Anniston,* 99 Ala. 521; *Commonwealth v. Gavin,* 148 Mass. 449. The insufficiency of a complaint or information because not verified, as required by statute, has been held to be waived after judgment. *U. S. v. Smith, supra; People v. Zlotincke, supra.* The irregularity in filing the information without first complying with that part of section 27 of the Municipal Court Act requiring that before an information by any person other than the Attorney General or State's Attorney can be filed, one of the judges of the Municipal Court shall examine the same "and satisfy himself that there is probable cause for filing the same, and so endorse the same" has been held to be waived, when first raised after trial and judgment. *People v. England, supra.* Plaintiff in error can not be heard to complain in this court for the first time of the claimed irregularities in the information and the filing of the same. Not having in any way challenged in the trial court the sufficiency of the information, the supposed defects are waived.

In the cases cited and relied on by plaintiff in error

the defects were appropriately challenged in the trial court. Those cases are, therefore, not in point here. The judgment is affirmed.

*Judgment affirmed.*