## The People of the State of Illinois, Defendant in Error, v. Carl Carpenter, Plaintiff in Error.

1. CRIMINAL LAW, § 88*—*when complaint charging disorderly conduct is insufficient.* A complaint, on which a warrant was issued by a justice of the peace, which fails to either set forth the facts constituting the offense within Rev. St. 1915, ch. 38, sec. 55 (J. & A. ¶ 3589), relating to lewdness, disorderly conduct, etc., tending to debauch the public morals or that the acts with which defendant was charged tended to debauch the public morals, is subject to quashal upon motion.

2. CRIMINAL LAW, § 88*—*when complaint may be amended.* Amendments may be allowed to complaints upon which criminal prosecution begun before a justice of the peace are based.

Error to the Circuit Court of Vermilion county; the Hon. AUGUSTUS A. PARTLOW, Judge, presiding. Heard in this court at the April term, 1917. Reversed and remanded with directions. Opinion filed October 11, 1917.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

WALTER T. GUNN, for plaintiff in error; CASPER PLATT, of counsel.

JOHN H. LEWMAN, for defendant in error; I. RAY CARTER, of counsel.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

Plaintiff in error was convicted in the Circuit Court on appeal from a justice of the peace for the violation of section 55 of chapter 38, Rev. St. 1915 (J. & A. ¶ 3589) which provides:

"Whoever shall be guilty of open lewdness, disorderly conduct, or other notorious act of public indecency, tending to debauch the public morals, shall be fined not exceeding $200."

The complaint on which the warrant in this case was issued, failed to state the facts constituting the offense or that the acts charged tended "to debauch public morals." A motion to quash this complaint was made in the Circuit Court and was overruled. This was error. An indictment for a mere statutory offense must be framed upon the statute, and this fact must distinctly appear upon the face of the indictment itself. That it may so appear, the pleader must either charge the offense in the language of the statute or specifically set forth the facts constituting the same. *Johnson v. People,* 113 Ill. 99; *West v. People,* 137 Ill. 189; *People v. Brady,* 272 Ill. 401. This rule applies to informations and criminal complaints.

For want of a sufficient complaint, the judgment is reversed and the cause is remanded to the Circuit Court with instructions to quash the complaint unless the attorney representing the People shall ask leave to amend it so as to properly charge a violation of section 55 of the Criminal Code (J. & A. ¶ 3589) above quoted, and to allow said complaint to be properly

amended, if leave to do so is so asked.  It is proper practice to allow amendments to complaints upon which criminal prosecutions begun before a justice of the peace are based.  *Truitt v. People,* 88 Ill. 518; *Maynard v. People,* 135 Ill. 416-431; *Giroux v. People,* 132 Ill. App. 562; *Bergstrasser v. People,* 134 Ill. App. 609; *People v. Manns,* 146 Ill. App. 571; *People v. Boyd,* 170 Ill. App. 481; *People v. Conboy,* 178 Ill. App. 90; *People v. Greenberg,* 172 Ill. App. 360.

*Reversed and remanded with directions.*